504 P.2d 24

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Alree SWEAT, Defendant-Appellant.**

**No. 936.**

Court of Appeals of New Mexico.

Nov. 22, 1972.

Philip W. Steere, Las Cruces, for defendant-appellant.

David L. Norvell, Atty. Gen., Richard A. Griscom, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

HERNANDEZ, Judge.

Defendant was convicted of fraudulently signing a credit card sales invoice, § 40A–16–32, N.M.S.A.1953 (2d Repl.Vol. 6). He appeals alleging that the statute is unconstitutional on two grounds.

Defendant's first claim of unconstitutionality is that the statute is vague and ambiguous and, thereby, violates the due process clause of the fourteenth amendment of the United States Constitution and Article II, Section 18 of the Constitution of New Mexico.

Section 40A–16–32, supra, reads: "Any person, other than a cardholder, or a person authorized by him, who, with intent to defraud, signs the name of another, or of a fictitious person, to a credit card or to a sales slip or agreement is guilty of a fourth degree felony."

Article II, Section 18 of the Constitution of New Mexico reads: "No person shall be deprived of life, liberty or property without due process of law; nor shall any person be denied the equal protection of the laws."

Defendant argues that the language "signs the name of another" is vague and ambiguous because it can reasonably be interpreted in two distinct ways: First: that it can be read to mean "any name other than the legal name of the person who signs the credit card sales slip", or; Second: "if a person signs a name other than the name on the credit card he would be guilty of the crime defined in the statute."

▮ It is a basic principle of due process that a criminal statute be drawn so as to give a person of ordinary intelligence adequate warning that his contemplated conduct is forbidden. State v. Minns, 80 N.M. 269, 454 P.2d 355 (Ct.App.1969); State v. Ferris, 80 N.M. 663, 459 P.2d 462 (Ct.App.1969).

▮ The rules governing the construction of criminal statutes are well established. They are to be strictly construed. State v. Buford, 65 N.M. 51, 331 P.2d 1110, 82 A.L.R.2d 787 (1958). However, "they are not to be subjected to any strained or unnatural construction in order to work exemptions from their penalties. Such statutes must be interpreted by the aid of the ordinary rules for the construction of statutes, and with the cardinal object of ascertaining the intention of the legislature." Ex parte De Vore, 18 N.M. 246, 136 P. 47 (1913), "Nothing to the contrary appearing, the legislature is presumed to have used the common meaning of" the words in a statute. State v. Garcia, 78 N. M. 777, 438 P.2d 521 (Ct.App.1968).

The key word of course, in the subject phrase, is "another". Its use is as a pronoun rather than an adjective. Webster's 3rd New International Dictionary gives the following definitions for the pronoun:
1. "an additional one of the same kind . . ."
2. "one other than oneself . . ."
3. "one of a set or group of unspecified or indefinite things."

It is obvious that in this context the only applicable definition is the second. In Clark v. United States, 167 F.Supp. 54 (N. D.Me.1958) the court was called upon to construe the following language of a trust. "The Grantor has the right and power . . . to appoint another person. . . ." The contention was that this meant not only other than the original appointee, but other than the grantor as well. The court concluded that: "The more natural meaning to give the word 'another' in this trust instrument is to say that it means other than the person to be replaced." Application of Land, 368 F.2d 866, 54 CCPA 806 (1966), involved interpretation of the following statutory language: "A person shall be entitled to a patent unless—(e) the invention was described in a patent granted on an application for patent by another filed in the United States before the invention thereof by the applicant for patent. . . ." It was the court's decision that "another clearly means another than 'the applicant'." Even more persuasive for our purposes is Smith v. State, 435 S.W.2d 526 (Tex.Cr.App.1969) wherein the following was considered: "In order to be forgery, the instrument must purport to be the act of another." The court decision was that "'another,' as used in said article, [Art. 988, Vernon's Ann.P.C.] includes all other persons, real and fictitious, 'except the person engaged in the forgery'."

▮▮ It is our opinion and we so conclude that the word has but one meaning and that is that "another" means "other than oneself". Section 40A–16–32, supra, is not unconstitutionally vague.

Defendant's second claim of unconstitutionality is that § 40A–16–32, supra, " . . . denies to the defendant and those in his class the equal protection of the laws guaranteed by the fourteenth amendment of the Constitution of the United States and Article II, Section 18 of the New Mexico Constitution." He argues that the class of people who use the credit card of another with the same name as theirs, and sign that name, which is both theirs and the cardholder's, are exempt from prosecution under the statute, because they are not signing "the name of another". Thus, according to defendant's argument, if he had signed the name Alree Sweat to the credit card sales slip, and both he and the cardholder were named Alree Sweat, he could not have been prosecuted under the statute.

Assuming, but not deciding, this argument is correct, it goes no further than showing that the statute does not apply to persons who sign their own name with intent to defraud. Defendant argues that a distinction between a person who signs a name other than his own and a person who signs his own name is a classification which denies him equal protection of the law. We disagree. Section 40A–16–32, supra, is directed to the prevention of fraud in connection with credit cards, sales slips or agreements. Endeavoring to prevent such fraud, the statute applies when a person with the requisite intent, signs a name other than his own or the name of a fictitious person. There is no showing why such a provision is an unreasonable classification. It may be that the Legislature viewed the type of fraud involved as being committed by persons who do not sign their own name.

Board of Trustees of Town of Las Vegas v. Montano, 82 N.M. 340, 481 P.2d 702 (1971) states:

"Only if a statutory classification is so devoid of reason to support it, as to amount to mere caprice, will it be stricken down. . . . If any state of facts can be reasonably conceived which will sustain a classification, there is a presumption that such facts exist. . . ."

The classification here cannot be characterized as caprice and facts can be reasonably conceived to sustain the classification. Section 40A–16–32, supra, does not deprive defendant of equal protection of the law.

Defendant's point has no merit.

We affirm.

It is so ordered.

WOOD, C. J., and SUTIN, J., concur.