619 P.2d 845

**STATE of New Mexico, Plaintiff–Appellee,**

v.

**Rudolph Joe HIRSCH, a/k/a Rudolph Joseph Hirsch, a/k/a Rudolph J. Hirsch, Defendant–Appellant.**

**No. 4486.**

Court of Appeals of New Mexico.

Aug. 19, 1980.

Writ of Certiorari Denied Oct. 6, 1980.

John B. Bigelow, Chief Public Defender, Melanie S. Kenton, Asst. Appellate Defender, Santa Fe, Alan Zvolanek, Bargas & Zvolanek, Albuquerque, for defendant–appellant.

Jeff Bingaman, Atty. Gen., Walter G. Lombardi, Asst. Atty. Gen., Santa Fe, for plaintiff–appellee.

OPINION

WOOD, Chief Judge.

A supplemental information sought enhancement of defendant's sentence for involuntary manslaughter on the basis that he was an habitual offender. Defendant moved to dismiss the supplemental information, alleging that delay in its filing deprived him of due process. The motion was denied; defendant appeals.

The involuntary manslaughter conviction was on May 2, 1979. He was sentenced on May 29, 1979 to a penitentiary term of not less than one nor more than five years. This sentence was pursuant to the statute applicable at the time. Section 31–18–3(D), N.M.S.A.1978.

The supplemental information was filed October 4, 1979. An enhanced sentence was sought for the involuntary manslaughter on the basis of a prior felony conviction. When found to be an habitual offender, defendant's enhanced sentence was for a penitentiary term of not less than two and one–half and not more than ten years. This was in accordance with § 31–18–5(A), N.M.S.A.1978.

Defendant sought dismissal of the supplemental information claiming prejudice by the delay in filing the supplemental information. The asserted prejudice goes to his possibilities of parole. Defendant had a parole hearing on July 31, 1979. Parole was denied. Defendant claimed, in the trial court, that parole was denied because of the

possibility of habitual offender proceedings and therefore his parole hearing was not meaningful. Inasmuch as no evidence was presented at the motion hearing, the trial court accepted as the facts, defendant's tendered evidence. The tender was that there was no meaningful parole hearing on July 31st because of the possibility of habitual offender proceedings.

According to defendant, he has been prejudiced by the absence of a meaningful parole hearing on July 31st, and this prejudice amounted to a violation of due process. The prejudice, according to defendant was:

> Due to the pending habitual charges the defendant was not even considered for parole and was not re–scheduled to go before the board until one year later . . . . Had the increased habitual sentence been imposed immediately upon the defendant's conviction of involuntary manslaughter in May, 1979, the defendant would have been eligible for parole, and for a meaningful parole hearing, within ten months, rather than after approximately one and a half years of incarceration. See parole procedures reflected in § 31–20–10D, N.M.S.A.1978. That the defendant was substantially prejudiced by the delay is overwhelmingly evident, for the delay meant the difference between the possibility of freedom and sure incarceration.

We need not review this argument for factual accuracy nor consider whether it is legally complete. Its basis is severely undercut by information supplied to us, at a motion hearing, that defendant had a second parole hearing on April 17, 1980 and parole was·denied at that hearing.

Our review considers that on July 31, 1979 defendant had a parole hearing, and that the trial court ruled this hearing was not meaningful. We assume, but do not decide, that this lack of a meaningful hearing in some way prejudiced defendant's possibility of parole. The trial court ruled that this type of prejudice did not require dismissal of the habitual offender proceedings. We agree.

Defendant claims that the lack of a meaningful parole hearing on July 31st was because of delay in filing the supplemental information, and because of this delay the habitual proceedings should have been dismissed.

Defendant likens the delay in filing the supplemental information to pre–indictment delay. Due process is involved in pre–indictment delay and defendant claims that he was deprived of due process. This argument fails to recognize the type of prejudice in pre–indictment delay that amounts to a due process violation. The due process violation in pre–indictment delay is prejudice that deprives defendant of a fair trial on the charge in the delayed indictment. *United States v. Marion*, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971); see *State v. Jojola*, 89 N.M. 489, 553 P.2d 1296 (Ct.App.1976).

Defendant does not claim that delay in filing the supplemental information deprived him of a fair trial in the habitual offender proceedings. His arguments, based on pre–indictment delay, are inappropriate.

The claimed prejudice to defendant is limited to his possibilities of parole. Any such prejudice, under. the alleged facts in this case, resulted from the action of the parole board. If, in fact, the parole board denied defendant a meaningful hearing, the remedy was to afford a meaningful hearing. See *Conston v. New Mexico St. Bd. of Probation & Parole*, 79 N.M. 385, 444 P.2d 296 (1968); *Deats v. State*, 84 N.M. 405, 503 P.2d 1183 (Ct.App.1972); *State v. Bambrough*, 81 N.M. 548, 469 P.2d 527 (Ct.App. 1970). In the absence of any prejudice to defendant in the habitual offender proceedings, the remedy for lack of a meaningful parole hearing was not in dismissal of the habitual offender proceedings.

The trial court's denial of the motion to dismiss, and defendant's sentence as an habitual offender, are affirmed.

IT IS SO ORDERED.

HERNANDEZ, J., concurs.

LOPEZ, J., specially concurring.

LOPEZ, Judge (specially concurring).

I concur in the result only. The United States Supreme Court has suggested that sentencing is part of the trial purposes of the Sixth Amendment. *Pollard v. U. S.*, 352 U.S. 354, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957).

Here nine months elapsed between the conviction on the second offense and the sentencing on the habitual charge. Although this is a lengthy delay, I do not believe that it is of the magnitude to have denied the defendant his constitutional rights for a speedy trial.