620 P.2d 1290

**STATE of New Mexico, Plaintiff–Appellee,**

v.

**Harvey WISE, Defendant–Appellant.**

**No. 13015.**

Supreme Court of New Mexico.

Dec. 31, 1980.

266

Martha A. Daly, Appellate Defender, Michael Dickman, Asst. Appellate Defender, Santa Fe, for defendant–appellant.

Jeff Bingaman, Atty. Gen., Eddie Michael Gallegos, Asst. Atty. Gen., Santa Fe, for plaintiff–appellee.

## OPINION

FEDERICI, Justice.

Defendant was convicted of being an habitual criminal under Section 31–18–5, N.M. S.A.1978. Judgment and sentence were entered on June 21, 1979. We construed the statute in *State v. Linam*, 93 N.M. 307, 600 P.2d 253 (1979), as requiring the factfinder to find the defendant committed and was found guilty of one crime before commission of the next following crime. N.M.U.J. I.Crim. 39.01 and 39.06, N.M.S.A.1978 (Cum. Supp.1980) were promulgated and adopted by this Court on July 1, 1979 to inform factfinders of these requirements. Because the new instructions were not yet in effect when the jury in this case was instructed, the trial court was charged with drafting appropriate instructions stating the essential elements. N.M.U.J.I.Crim., General Use Note, N.M.S.A.1978 (Cum.Supp.1980).

Defendant appeals his conviction below, alleging proper instructions were not given. The following instructions were given at trial:

For you to find the Defendant, Harvey Wise, aka: William Harvey Wise, Jr., aka: William Harvey Wise, aka: Jack James Roberts, is the person previously convicted of each of the offenses charged in the Information, the State must prove to your satisfaction beyond a reasonable doubt each of the following:

1. That the Defendant, Harvey Wise, aka: William Harvey Wise, Jr., aka: William Harvey Wise, aka: Jack James Roberts, is the same person previously convicted of [stated offense], a felony, in Criminal Cause No. [number] in the [name of court, county, and state] on June 1, 1943.

Each of the successive eight counts with which defendant was charged followed the same format: The date of conviction stated in each count follows:

Count 2:  August 28, 1944
Count 3:  February 3, 1950
Count 4:  February 3, 1950
Count 5:  June 11, 1953
Count 6:  May 6, 1963
Count 7:  May 6, 1963
Count 8:  February 7, 1973
Count 9:  March 18, 1977

The individual instruction on each count requires the jury to find that defendant was the same person previously convicted of a felony in another count. It is clear that these instructions required the jury to consider the consecutive order of *convictions*. However, the jury is not charged with considering whether each subsequent crime was *committed* after the previous conviction.

The State relies upon a definitional instruction given to the jury upon completion of the reading of the above instructions as meeting these commission requirements. It states:

As used in these instructions, "previous conviction" or "previously convicted" refers only to a conviction occurring before the commission of the offense on which the next subsequent conviction alleged in the information is based.

This instruction does contain the necessary sequential elements the jury must find under our habitual criminal statute.

We have stated that each instruction need not contain within its limits all the elements to be considered, so long as considered as a whole, the instructions fairly present the issues and the applicable law. *State v. McFerran*, 80 N.M. 622, 459 P.2d

148 (Ct.App.1969), *cert. denied*, 80 N.M. 731, 460 P.2d 261 (1969). However, we must also remember that the purpose of an instruction is to enlighten a jury. As we stated in *State v. Selgado*, 76 N.M. 187, 190, 413 P.2d 469, 473 (1966), "[i]t should call to the jury's attention specific issues which must be determined.... [It should not be] an abstract statement of many rules in such form as to be confusing rather than enlightening."

While all of the issues and applicable law were presented to the jury, their confusion is apparent. The date of conviction in Instructions 3 and 4 above is the same. This is also true concerning Instructions 6 and 7. Commission of the crimes listed in Instructions 4 and 7 could not have occurred subsequent to the prior listed convictions. While the above instructions might have been sufficiently clear in another case, they were not in this case. The jury's confusion concerning the sequence of events has been shown.

The trial court is reversed, and this matter is remanded for a new hearing in which the jury is to be given the proper uniform jury instructions for habitual criminal sentencing proceedings.

IT IS SO ORDERED.

SOSA, C. J., and LOUIS E. DePAULI, District Judge, concur.