633 P.2d 714

**STATE of New Mexico, Plaintiff-Appellant,**

v.

**Billy Ray HUGHES, Defendant-Appellee.**

**No. 5008.**

Court of Appeals of New Mexico.

May 5, 1981.

Jeff Bingaman, Atty. Gen., Carol Vigil, Asst. Atty. Gen., Sante Fe, for plaintiff-appellant.

Steve Quinn, Quinn & Quinn, Clovis, for defendant-appellee.

OPINION

HENDLEY, Judge.

Pursuant to § 39–3–3(B)(1), N.M.S.A. 1978, the State appeals the dismissal of the second count in a three count supplemental information under the Habitual Offender Statute, § 31–18–17, N.M.S.A. 1978 (Supp. 1980). We affirm.

 The second count involves a conviction on January 28, 1980, for an offense committed on July 27, 1978. The third count is for a conviction on September 29, 1980, for an offense committed on December 14, 1979. Thus, the commission of the offense in Count III was not subsequent to the conviction in Count II. For enhancement, *State v. Linam*, 93 N.M. 307, 600 P.2d

253 (1979), requires that each felony be committed after the conviction for the preceding felony.

The State contends that the language in the amended Habitual Offender Statute requires only that the prior felony convictions be part of separate transactions or occurrences. We are not persuaded. *State v. Linam, supra,* reasons that "the increased penalty is held *in terrorem* over the criminal for the purpose of effecting his reformation and preventing further and subsequent offenses by him." Fully aware of this decision, the Legislature did not in its 1979 amendment use language to show clearly a different intent. The State relies on the omission in the 1979 amendment of language in the prior statute, § 31–18–5, N.M.S.A. 1978, "after having been convicted . . . commits any felony". However, the 1979 amendment not only omits the language mentioned by the State, but consists of a complete redrafting in new phraseology.

■ Intent is to be determined primarily from language used. *State v. Russell,* 94 N.M. 544, 612 P.2d 1355 (Ct.App.1980). We do not see in the omission relied on by the State a clear showing that the Legislature intended a purpose different from that expressed in *Linam, supra.* On the contrary, subsection A of the amended act defines "prior felony conviction" to mean "a conviction for a prior felony committed" and "any prior felony for which the person was convicted." The use of the phrase "felony committed" along with the phrase "felony for which the person was convicted" does not suggest that the Legislature was concerned with the distinction our Supreme Court made in *Linam, supra,* regarding the date of commission of the act and the conviction of the felony. Construing the statute as the State suggests, the reform objective of the Habitual Offender Act as enunciated in *Linam, supra,* "to provide a deterrent from future crimes" would hardly be realized. Furthermore, any ambiguity in a criminal provision must be construed in favor of the accused. *State v. Sweat,* 84 N.M. 416, 504 P.2d 24 (Ct.App.1972). Thus, in light of the absence of any legislative language clearly to the contrary, we are bound to follow 2iState v. Linam, supra.

As a basis for its position, the State refers us to the Committee Commentary to N.M.U.J.I. Crim. 39.01, N.M.S.A. 1978 (Supp.1980), which suggests that it is possible that *State v. Linam, supra,* may no longer be applicable to the new Habitual Offender Act. We note, however, that the Committee Commentaries are not adopted by the Supreme Court. *State v. Zamora,* 91 N.M. 470, 575 P.2d 1355 (Ct.App.1978). Furthermore, in *State v. Wise,* 95 N.M. 265, 620 P.2d 1290 (1980), a decision written a year and a half after the effective date of the amended Habitual Offender Act, the Supreme Court held that N.M.U.J.I. Crim. 39.01 and 39.06, N.M.S.A. 1978 (Supp.1980), were promulgated to be effective July 1, 1979. This date is the effective date of the amended Habitual Offender Act. Because both instructions, 39.01 and 39.06 require dates of offense, as well as dates of conviction, as critical acts to be found by the trier of fact, we are not free to disregard the holding of *State v. Wise, supra,* and to adopt the suggestion of the State in this case.

■ Finally, the State relies on *State v. Hernandez,* 96 N.M. ——, 633 P.2d 712 (Ct.App.1981), for the proposition that the new Habitual Offender Statute "requires only that the prior conviction was a part of a separate transaction or occurance [sic]." We are not persuaded. First, we note that the Supreme Court has granted a petition for certiorari in that case. Secondly, that case discusses neither *State v. Linam, supra,* nor *State v. Wise, supra.* More significantly, this Court is not free to disregard the precedents of the Supreme Court. *Alexander v. Delgado,* 84 N.M. 717, 507 P.2d 778 (1973). Likewise, we do not have the authority to disregard the mandatory instructions promulgated by the Supreme Court. *State v. Scott,* 90 N.M. 256, 561 P.2d 1349 (Ct.App.1977).

Accordingly, we affirm the trial court's dismissal of Count II.

IT IS SO ORDERED.

LOPEZ and ANDREWS, JJ., concur.