643 P.2d 629

STATE of New Mexico,
Plaintiff-Appellee,

v.

Charles MAYBERRY,
Defendant-Appellant.

No. 5423.

Court of Appeals of New Mexico.

March 25, 1982.

Mary Lou Carson, Tierra Amarilla, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Heidi Topp Brooks, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Judge.

Defendant has been found to be, and sentenced as, an habitual offender under § 31–18–17(B), N.M.S.A. 1978 (1981 Repl. Pamph.). The issues in defendant's appeal involve: (1) delay in the habitual proceedings, and (2) the relation of his sentence as an habitual offender to other sentencing provisions.

*Delay in the Habitual Proceedings*

A jury convicted defendant of aggravated assault by use of a firearm in April, 1980. Sentence was imposed May 12, 1980. The trial court found mitigating circumstances and reduced the basic sentence to imprisonment for one year. Sections 31–18–15 and 31–18–15.1, N.M.S.A.1978 (1981 Repl.Pamph.). This sentence was ambiguous as to the relationship of the basic sentence to the mandatory sentence for use of a firearm. See § 31–18–16(A), N.M.S.A. 1978 (1981 Repl.Pamph.). The trial court sought to resolve this ambiguity by an amended judgment which provided that the basic sentence of one year and the additional sentence of one year for use of a firearm were to be served concurrently. The amended judgment also imposed an additional sentence of one year as an habitual offender, § 31–18–17(B), supra, for a total of two years imprisonment.

Defendant appealed his aggravated assault conviction. This Court summarily affirmed; a reversal of a related battery conviction is not involved; our mandate was issued September 17, 1980. A supplemental information, charging that defendant had one prior felony conviction and that defendant should be sentenced as an habitual offender, was filed May 3, 1981.

Defendant moved to dismiss the supplemental information on the basis of delay in its filing. The motion was properly denied.

■ At the time the supplemental information was filed, defendant had not completed serving the one year sentence imposed May 12, 1980. Thus, filing delay, in relation to time served, did not require dismissal of the habitual offender charge. *Lott v. Cox*, 76 N.M. 76, 412 P.2d 249 (1966); § 31–18–19, N.M.S.A.1978 (1981 Repl. Pamph.).

■ Before defendant was convicted for aggravated assault, the prosecutor knew of defendant's prior felony conviction. This knowledge did not require dismissal of the habitual offender charge because of filing delay. *State v. Stout*, 96 N.M. 29, 627 P.2d 871 (1981); *State v. McCraw*, 59 N.M. 348, 284 P.2d 670 (1955); § 31–18–19, supra.

The habitual offender charge, filed May 3, 1981, was tried June 4, 1981. Delay under R.Crim.Proc. 37 is not involved. See *State v. Lopez*, 89 N.M. 82, 547 P.2d 565 (1976). Nor, under this time frame, is the right to a speedy trial involved. See *State v. Lucero*, 91 N.M. 26, 569 P.2d 952 (Ct.App. 1977).

■ Delay in filing a criminal charge involves due process. *State v. Duran*, 91 N.M. 756, 581 P.2d 19 (1978). This due process issue has been raised in connection with delay in filing an habitual offender charge. *State v. Hirsch*, 95 N.M. 169, 619 P.2d 845 (Ct.App.1980); see *State v. Stout*, supra. The briefs argue the delay in filing the habitual offender charge (May 3, 1981) in two ways—from the time of the aggravated assault sentence in May, 1980, and from the time of the affirmance of that conviction in September, 1980. A due process issue based on delay in filing a charge involves prejudice that deprives defendant of a fair trial on the delayed charge. *State v. Hirsch*, supra. The delay, in itself, does not establish prejudice. *State v. Duran*, supra.

■ Defendant's claim of prejudice is that the delay in filing the habitual offender charge deprived him of the opportunity to serve his additional one year sentence as an habitual offender concurrently with his additional one year sentence for use of a firearm in committing the aggravated assault. We discuss the concurrent sentence question in the next issue; at this point, we assume that the additional sentences could be served concurrently. Defendant's claim, of the possibility of concurrent sentences, is not a claim that defendant was deprived of a fair trial in the habitual offender proceeding. *State v. Hirsch*, supra; see *State v. Powers*, 97 N.M. 32, 636 P.2d 303 (Ct.App. 1981). There being nothing suggesting prejudice to defendant in defending against the habitual charge, the delay in filing the habitual charge was not a violation of due process.

Citing *State ex rel. Delgado v. Stanley*, 83 N.M. 626, 495 P.2d 1073 (1972) and *State v. Ericksen*, 94 N.M. 128, 607 P.2d 666 (Ct. App.1980), defendant asserts that the delay in filing the habitual charge "invaded the authority of the Court to set his sentence, and amounts to a circumvention of the purpose and intent" of provisions for the speedy disposition of criminal matters. There being nothing suggesting that the delay in filing the habitual offender charge was for improper motives, this argument is frivolous.

*Relation of Sentence as an Habitual Offender to Other Sentencing Provisions*

Defendant requested that his one year sentence for use of a firearm and his one year sentence as an habitual offender be served concurrently. The trial court questioned its authority to order that the two 1-year sentences be served concurrently. In urging concurrent sentences, defendant relied upon *State v. Stinebaugh*, (Ct.App.) No. 5021, decided August 4, 1981, a Memorandum Opinion. The trial court correctly pointed out that a memorandum opinion, being unpublished, was not to be relied upon as precedent. See N.M.Crim.App. 601. Defendant claims the trial court had authority to order the two 1-year sentences be served concurrently and erred in refusing to rule on defendant's request. We point out two misconceptions as to the sentencing issue involved, and then answer the issue raised by defendant.

In *State v. Russell*, 94 N.M. 544, 612 P.2d 1355 (Ct.App.1980), defendant's sentence for burglary had been increased one year as an habitual offender. The issue was whether the basic sentence, *not* the increase in the sentence as an habitual offender, could be suspended. The Attorney General contended the basic sentence could not be suspended; we held to the contrary. *Russell* was followed in three memorandum decisions of this Court: *State v. Wenzel*, (Ct. App.) No. 5175, decided June 25, 1981; *State v. Stinebaugh*, supra; and *State v. Padilla*, (Ct.App.) No. 5402, decided January 5, 1982. The Supreme Court issued its writ of certiorari to this Court in *Wenzel* and *Stinebaugh*, but quashed the writ in both cases on December 10, 1981. The result was that *Russell* remained the applicable law.

The Attorney General's brief in this case continues to argue against the *Russell* decision without mentioning *Russell* and without acknowledging that the Supreme Court quashed the writs in *Wenzel* and *Stinebaugh* approximately one month before the brief was filed. This suggests a possible violation of Rule 6–101 of the Code of Professional Responsibility. However, it is unnecessary to consider this matter further because there is no issue in this appeal concerning the basic sentence. An argument concerning the basic sentence misconceives the issue.

The briefs of both parties argue an aspect of the *Stinebaugh* decision which we acknowledge to be ambiguous. *Stinebaugh* cited *State v. Baker*, 90 N.M. 291, 562 P.2d 1145 (Ct.App.1977), for the proposition that additional sentences as an habitual offender, when there were multiple convictions could be served concurrently. Each of the two defendants in *Baker* had three convictions and the sentence for each conviction was enhanced because each defendant was an habitual offender. The enhanced sen

tence for each of the three convictions could be served concurrently. *Stinebaugh* followed *Baker*; the defendant in *Stinebaugh* received an enhanced sentence as an habitual offender for two convictions. The ambiguity in *Stinebaugh* is the suggestion that a basic sentence and its enhancement could be served concurrently when there has been only one conviction. That, however, is not an issue in this case, and argument as to this misconceives the issue.

█ The issue is whether statutorily mandated additions to the basic sentence may be served concurrently. Defendant reminds us that the common-law rule, in effect in New Mexico unless changed by legislation, is that two or more sentences are to be served concurrently unless otherwise ordered by the court. The trial court has discretion to require sentences to be served consecutively, but if this is not done, and there is no legislation covering the situation, the sentences are to be served concurrently. *Swope v. Cooksie*, 59 N.M. 429, 285 P.2d 793 (1955); *Deats v. State*, 84 N.M. 405, 503 P.2d 1183 (Ct.App.1972); *State v. Deats*, 82 N.M. 711, 487 P.2d 139 (Ct.App. 1971). Defendant claims the common-law rule is applicable to his sentences. The Attorney General correctly responds that the rule does not apply when there has been only one conviction; that the service of parts of the sentence for one crime concurrently, in reality, is either a suspension of part of the sentence or a failure to require service of a part of the statutory sentence.

For two reasons, defendant's sentence cannot be served concurrently.

█ The first reason is statutory. Defendant's crime was aggravated assault, a fourth degree felony. Section 30–3–2, N.M. S.A.1978. The basic sentence for this degree of felony was eighteen months imprisonment. Section 31–18–15, supra. Because a firearm was used, it was mandatory that the basic sentence be increased one year. Section 31–18–16(A), supra. Because defendant had a prior felony conviction, it was mandatory that the basic sentence be increased by still another year. Section 31–18–17(B), supra. Thus, the statutory sen-

tence for the aggravated assault was three and one-half years. Sections 31–18–16(A) and 31–18–17(B), supra, prohibit the suspension of the two additional years; the basic sentence could be suspended under § 31–20–3, N.M.S.A.1978 (1981 Repl. Pamph.). Compare *State v. Sanchez*, 641 P.2d 1068 (1982).

█ Concurrent sentences are sentences that operate simultaneously. *Washington v. State*, 10 Ariz.App. 95, 456 P.2d 415 (1969); *State v. Rider*, 201 La. 733, 10 So.2d 601 (1942). When there has been only one conviction, plural sentences are not involved. The only conviction in this case is for the aggravated assault. Defendant's penalty for this conviction is increased one year as an additional consequence for using a firearm in committing the aggravated assault. *State v. Barreras*, 88 N.M. 52, 536 P.2d 1108 (Ct.App.1975). Defendant's penalty for the aggravated assault is increased an additional year because of his prior felony conviction. See *Lott v. Cox*, supra. Multiple sentences are not involved; what is involved, under the statutes, is the computation of a single sentence for one crime. Because only one sentence is involved, defendant has no sentences which could operate simultaneously.

█ A second reason is that before the additional one year sentence as an habitual offender was imposed, defendant had served most, if not all, of the additional one year sentence for use of a firearm. The amended judgment gave defendant credit for 365 days confinement. *Godwin v. Looney*, 250 F.2d 72 (10th Cir. 1957), stated, in regard to the prisoner's sentencing claim:

The Federal sentence could not run concurrently with the period of imprisonment he served in the Arkansas State Penitentiary prior to the imposition of the Federal sentence. *A period cannot be concurrent with a period that anteceded it.* [Our emphasis.]

Even if a single sentence could be broken into periods to be served concurrently, defendant's additional sentence as an habitual offender could not be served concurrently

with time served on the sentence for use of a firearm, when the time served for use of a firearm took place before the habitual offender sentence was imposed.

The trial court correctly refused to order that the additional one year sentence for use of a firearm and the additional one year sentence as an habitual offender be served concurrently.

The cause is remanded to the trial court to correct the amended "JUDGMENT, SENTENCE AND COMMITMENT" filed September 22, 1981. The corrected judgment and sentence should provide that the basic sentence was suspended rather than running concurrently with the additional one year sentence for use of a firearm. Upon this correction being made, the judgment and sentence, including the provision for a total imprisonment of two years, are affirmed.

IT IS SO ORDERED.

WALTERS, C. J., and HENDLEY, J., concur.