The PEOPLE of the State of Colorado ex rel. Stuart A. VanMEVEREN, District Attorney, Eighth Judicial District of Colorado, Petitioner,

v.

The DISTRICT COURT In and For the COUNTY OF LARIMER, State of Colorado, and the Honorable John A. Price, One of the Judges Thereof, Respondents.

No. 81SA529.

Supreme Court of Colorado, En Banc.

April 5, 1982.

Stuart A. VanMeveren, Dist. Atty., Loren B. Schall, Asst. Dist. Atty., Fort Collins, for petitioner.

J. Gregory Walta, Colorado State Public Defender, James S. Dostal, Steven R. Gayle, Deputy State Public Defenders, Denver, for respondents.

PER CURIAM.

In this original proceeding the People invoke our original jurisdiction under C.A.R. 21 and seek an order directing the respondent court to reinstate two habitual criminal counts which it dismissed prior to an upcoming trial. The court ruled that in order to qualify as a predicate offense for purposes of the habitual criminal statute, section 16–13–101 et seq., C.R.S.1973 (1978 Repl.Vol. 8), the second prior felony conviction must be based upon an act which occurred subsequent to an entry of a judgment of conviction on the first felony offense. We issued a rule to show cause and stayed further proceedings. We now make the rule absolute.

On December 4, 1980, the district attorney filed in the Larimer County District Court an information charging Chuck M. Flint with the class 4 felony of theft, section 18–4–401(2)(c), C.R.S.1973 (1978 Repl. Vol. 8), allegedly committed on December 1, 1980, in Larimer County. Later the district attorney was permitted to amend the information by adding two counts as the basis for a habitual criminal adjudication. Each of these additional counts alleged a prior conviction of second degree burglary, section 18–4–203, C.R.S.1973 (1978 Repl.Vol. 8), with the judgments of conviction having been entered on December 20, 1978, and May 9, 1979, respectively. Flint filed a motion to dismiss the habitual criminal counts on the ground that he was not a "repeat" offender within the meaning of the habitual criminal statute. Specifically, his motion alleged that he "did not have a conviction at the time he allegedly committed the second offense" and, thus, he "was convicted of the second act in time before he was convicted of the first act in time."

The court conducted a hearing on the motion and, after taking judicial notice of the official court records in the prior felony adjudication, determined that the following events had occurred. Flint had been charged in Larimer County District Court Case No. 79CR40 with the crime of second degree burglary committed on November 7, 1978. Flint also had been charged in Lar-imer County District Court Case No. 78CR458 with another second degree burglary committed on November 15, 1978. Flint pled guilty to the second burglary, committed on November 15, 1978, and a judgment of conviction was entered on that plea on December 20, 1978. Thereafter, Flint pled guilty to the first burglary, committed on November 7, 1978, and a judgment of conviction was entered on May 9, 1979. The respondent court granted a motion to dismiss because the judgment of conviction for the first committed crime, the burglary of November 7, 1978, was not entered until Flint had already been convicted of the second burglary. The respondent court's order of dismissal was based upon a misinterpretation of the habitual criminal statute.

Section 16–13–101(1), C.R.S.1973 (1978 Repl.Vol. 8), as pertinent here, provides that

"[e]very person convicted in this state of a felony for which the maximum penalty prescribed by law exceeds five years who, within ten years of the date of the commission of the offense, has been twice previously convicted upon charges separately brought and tried . . . of a felony . . . shall be adjudged a habitual criminal."

In *Gimmy v. People,* Colo., 645 P.2d 262 (1982), we held that the habitual criminal statute requires that neither the prior felonies nor the resulting judgments of conviction occur in any particular sequence in relation to each other. Rather, the determinative consideration is whether judgments of conviction on the prior felonies had been entered prior to the commission of the substantive offense charged in the pending case. If judgments of conviction had been entered, then those convictions qualify as prior convictions within the contemplation of section 16–13–101, C.R.S.1973 (1978 Repl.Vol. 8).

The two prior felony counts filed against Flint satisfy the statute. Judgments of conviction already had been entered on both felonies prior to December 1, 1980, which is

the date of the alleged commission of the felony theft charged in the principal count. Therefore, the respondent court acted contrary to law in granting the motion to dismiss.

The rule to show cause is made absolute and the respondent court is ordered to reinstate the two prior felony counts previously dismissed.