860 P.2d 754

**H.W. KOONSMAN, Petitioner,**

v.

**STATE of New Mexico, Respondent.**

No. 21134.

Supreme Court of New Mexico.

Sept. 20, 1993.

Homer W. Koonsman, pro se.

Tom Udall, Atty. Gen., Santa Fe, for respondent.

**OPINION**

RANSOM, Chief Justice.

H.W. Koonsman petitioned this Court for a writ of certiorari under SCRA 1986, 12–501 (Repl.Pamp.1992) on a single issue: whether the trial court erred when it enhanced his sentence as an habitual offender in disregard of *State v. Linam*, 93 N.M. 307, 600 P.2d 253 (1979). *Linam* holds that the state must prove that the commission of each crime used for enhancement purposes occurred after conviction of the preceding crime. Finding under *Linam* that Koonsman's sentence was incorrectly enhanced as a fourth conviction instead of as a third conviction, we reverse and remand for resentencing.

Koonsman was convicted of a third-degree felony in 1990, for which he was sentenced to three years in prison. The State filed a supplemental criminal information alleging that Koonsman previously had been convicted of five felonies. The information provided no evidence of the dates of the commission of the various felonies, but the dates of the convictions were February 26, 1960, December 14, 1960, January 1, 1966, September 12, 1966 and April 20, 1978. Koonsman denied that he was an habitual offender, challenging identity. At the hearing on the habitual offender charges, the State offered evidence of identity only on the last three prior convictions and offered no evidence regarding the dates the crimes were committed. The court found Koonsman to be the same person named in the 1966 and 1978 convictions, but specifically stated that there was not sufficient evidence of identity for the two 1960 convictions. The court sentenced Koonsman as an habitual criminal with three prior convictions.

Koonsman provided evidence on appeal that he was charged with a felony in April 1965 to which he pleaded guilty in January 1966 and that in November 1965 he was arraigned for another felony to which he pleaded guilty in September 1966. He argues that the November 1965 felony was committed before the January 1966 conviction, therefore, this specific felony should

not have been used to enhance his sentence. Following sentencing, Koonsman filed a petition to correct illegal sentencing under SCRA 1986, 5–802(A) (Repl. Pamp.1992), which the court denied.

In *Linam*, this court first held that "in a proceeding to enhance sentence for a third or fourth felony, *each* felony must have been committed after conviction for the preceding felony." *Linam*, 93 N.M. at 309, 600 P.2d at 255. Since *Linam*, this Court has addressed the sequential requirement question four other times. *See State v. Rogers*, 93 N.M. 519, 602 P.2d 616 (1979) (applying *Linam*); *State v. Valenzuela*, 94 N.M. 340, 341, 610 P.2d 744, 745 (1980) (holding that imposition of the enhanced penalties requires proof of a crime-conviction sequence and that *Linam* was to be applied only prospectively); *State v. Wise*, 95 N.M. 265, 620 P.2d 1290 (1980) (remanding the case because the jury was not given proper *Linam* instructions explaining the sequence requirement); *Hernandez v. State*, 96 N.M. 585, 586, 633 P.2d 693, 694 (1981) (adopting the opinion in *State v. Hughes*, 96 N.M. 606, 633 P.2d 714 (Ct.App. 1981), and holding *Linam* not affected by repeal of former habitual offender statute and enactment of its replacement).

After careful analysis of the *Linam* decision and the cases and authority on which the Court relied, it appears that the rationale upon which *Linam* was decided was based upon case law regarding multiple convictions on the same day, rather than convictions that were separate in time. *See Linam*, 93 N.M. at 309, 600 P.2d at 257.[1] However, a recent annotation compiling case law since 1974 states that the jurisdictions are split on the issue of whether sequential convictions are required, the resolution most often depending on the language of the particular statute under consideration and the court's opinion of what purpose the statute is intended to serve. *See* Cynthia L. Sletto, Annotation, *Chronological or Procedural Sequence of Former Convictions as Affecting Enhancement of Penalty under Habitual Offender Statutes*, 7 A.L.R.5th 263 § 2(a) at 288 (1992) [hereinafter *Annotation*]. The annotation observes that the prevalent view is that not only must all prior convictions precede commission of the principal offense, but each offense and conviction must occur in chronological sequence. *Id.* at 289. The rationale is that an "offender is deemed incorrigible not so much because he or she has sinned more than once, but because the offender has demonstrated, through persistent criminal behavior, that he or she is not susceptible to the reforming influence of the conviction process." *Id.; see also State v. Lieberman*, 222 Neb. 95, 382 N.W.2d 330, 336 (1986) (holding that only commission of crimes after convictions makes a defendant an incorrigible).

The courts that have taken the opposite view do so by reasoning that "under the plain language of statutes providing for enhanced punishment of a defendant who, having a certain number of prior convictions, thereafter has committed another felony, the sequence of the prior offenses and convictions is irrelevant, as long as the prior convictions exist at the time the defendant commits the present offense." *Annotation* at 290 (citing *Cornwell v. United States*, 451 A.2d 628 (D.C.1982)); *see also People ex rel. VanMeveren v. District Court*, 643 P.2d 37, 38 (Colo.1982)

---

1. *Linam* cites to R.P. Davis, Annotation, *Chronological or Procedural Sequence of Former Convictions as Affecting Enhancement of Penalty for Subsequent Offense Under Habitual Criminal Statutes*, 24 A.L.R.2d 1247 § 6 (1952) (entitled "Multiple convictions on same day or at same term of court" and stating that the convictions will generally be counted as one under a habitual offender statute), § 9 (entitled "Two or more convictions on same day or term of court" and stating that only one of the convictions may be subsequently utilized in enhancement), § 12 (entitled "Two or more convictions on same day or at same term of court" and stating that the convictions may not be cumulated so as to constitute previous or plural convictions), *Joyner v. State*, 158 Fla. 806, 30 So.2d 304 (1947) (based on former Florida statute and holding that three convictions occurring on one date could not make a fourth crime subsequently committed a fourth felony), *Karz v. State*, 279 So.2d 383 (Fla.Dist.Ct.App.1973) (defendant convicted of six violations on same date not subject to enhanced sentence), and *Cobb v. Commonwealth*, 267 Ky. 176, 101 S.W.2d 418 (Ky.Ct.App.1936) (holding that first two convictions based on crimes committed same day could not be used to doubly enhance third conviction).

(holding that the determinative factor is not whether the prior offenses and convictions occurred in chronological sequence but whether the prior convictions had been entered before the defendant committed the offense charged in the pending case); *State v. Hawks,* 114 N.J. 359, 554 A.2d 1330 (1989) (holding that plain language of the statute did not limit sequence but only required prior conviction). Other courts taking the no-sequence requirement stance reason that the purpose of an habitual offender statute is to punish repeated criminal behavior rather than to provide an opportunity to reform. *Annotation* at 291 (citing, as an example, *State v. Hannah,* 126 Ariz. 575, 617 P.2d 527 (1980)).

■ Finding that the *Linam* decision may be upheld under the rationale adopted by the greater number of our sister states, we decline to overturn the holding. Under *Linam* and *Hernandez,* Koonsman's 1990 conviction only could be enhanced for the January 1966 and the 1978 convictions because the commission of the November 1965 felony did not occur after the January 1966 conviction and because the State failed to prove that Koonsman was the same defendant as the person named in the two 1960 convictions.[2] Therefore, we reverse the sentence imposed and remand for sentencing consistent with this opinion.

**IT IS SO ORDERED.**

BACA and FRANCHINI, JJ., concur.

---

**2.** Although the court may resentence Koonsman as an habitual offender with two prior convictions, *see United States v. DiFrancesco,* 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980) (holding that neither the history of sentencing practices nor considerations of double jeopardy support the idea that a sentence is to be accorded constitutional finality); *Aragon v. State,* 116 N.M. 291, 861 P.2d 972 (1993) (affirming that double jeopardy generally does not apply in New Mexico habitual offender proceedings), the State may not attempt to relitigate whether Koonsman was indeed the person named in the 1960 convictions. A hearing already has been held on that issue and the State failed to provide sufficient evidence of Koonsman's identity.