915 P.2d 325

**STATE of New Mexico, Plaintiff–Appellee,**

v.

**Christopher FREED, Defendant–Appellant.**

**No. 16402.**

Court of Appeals of New Mexico.

March 4, 1996.

Certiorari Denied April 17, 1996.

570

Tom Udall, Attorney General, Bill Primm, Assistant Attorney General, Santa Fe, for Appellee.

T. Glenn Ellington, Chief Public Defender, Santa Fe, Jeff Rein, Assistant Public Defender, Albuquerque, for Appellant.

## *OPINION*

HARTZ, Judge.

1. Defendant appeals the enhancement of his sentence as a third offender pursuant to the New Mexico habitual-offender statute, NMSA 1978, Sections 31–18–17 to –20 (Repl. Pamp.1994). Originally sentenced as a second offender, he then violated the terms of his probation. According to his plea agreement with the State, he was therefore subject to resentencing as a third offender. He challenges the validity of this provision of the plea agreement. We affirm.

## BACKGROUND

2. Under our habitual-offender statute, the basic sentence of a person convicted of a felony is extended if the person has prior felony convictions. For one prior conviction the basic sentence for the current felony is increased by one year, § 31–18–17(B); for two prior convictions, the increase is four years, § 31–18–17(C); for three prior convictions, the increase is eight years, § 31–18–17(D). Each felony in the sequence must have been committed after the conviction for the preceding felony. *Koonsman v. State,* 116 N.M. 112, 860 P.2d 754 (1993). The court cannot suspend or defer the one-, four-, or eight-year enhancement. Section 31–18–17. The district attorney may file an habitual-offender information after sentence or conviction. Section 31–18–19.

3. Defendant entered a no-contest plea to a fourth-degree felony. As part of a plea agreement with the State, he admitted that he had previously been convicted of two felonies and that these prior convictions were valid for habitual-offender-enhancement purposes. The agreement provided that the State would pursue enhancement based on only one of those two felonies, but Defendant would be subject to an additional habitual-offender proceeding based on both prior felonies if he violated any of the conditions of his probation or parole.

4. Pursuant to the plea agreement the district court imposed a basic sentence of eighteen months for the current felony and added one year for the habitual-offender enhancement, for a total of two and one-half years. Three hundred fifty-one days of this sentence were suspended, and Defendant was placed on probation for that period of time, following his release from custody. Defendant was released on September 7, 1994. Within a month Defendant violated the conditions of his probation by leaving New Mexico without permission from his probation officer.

5. On October 7 the State filed a motion to revoke Defendant's probation. At a hearing on this motion on January 31, 1995 the district court determined that Defendant had violated the conditions of his probation. On February 15 the State filed an amended supplemental information charging Defendant as an habitual offender with two prior felonies and requesting that a four-year enhancement be imposed, with Defendant to receive credit for one year already served. Defendant filed a memorandum objecting to the proposed enhancement on a number of grounds, including double jeopardy and lack of statutory authorization for the enhancement. The district court rejected Defendant's arguments. It entered an amended judgment finding that Defendant had violated the terms of his probation and that he was an habitual offender with two prior felonies. Defendant was resentenced to eighteen months on the current felony plus four years for the habitual-offender enhancement, for a total of five and one-half years. The court gave Defendant credit for the time he had already served in custody, including his time on probation.

### Double–Jeopardy Arguments

6. Defendant's first double-jeopardy argument is that the district court improperly used the same prior felony to enhance his sentence twice. He notes that one of his prior felonies had been used as the basis for the original one-year enhancement and that the same felony was then used again as part of the basis for the subsequent four-year

enhancement. This "double use" of the prior felony is, according to Defendant, prohibited by *State v. Haddenham,* 110 N.M. 149, 793 P.2d 279 (Ct.App.), *cert. denied,* 110 N.M. 72, 792 P.2d 49, *and cert. denied,* 110 N.M. 183, 793 P.2d 865 (1990). Under *Haddenham* a prior felony that serves as the predicate of a felon-in-possession-of-a-firearm conviction cannot also be used as the predicate for an habitual-offender enhancement of the same conviction. 110 N.M. at 154, 793 P.2d at 284.

▇ 7. We disagree with Defendant for two reasons. First, there was no double use of the same prior felony in this case. Admittedly, one could say that two enhancements were imposed in this case and that the same prior felony was the basis or part of the basis of both enhancements. What actually occurred, however, was that one felony was used as the basis for a one-year enhancement and the other was held in reserve to encourage Defendant to comply with the terms of his probation. Upon Defendant's violation of those terms, the original sentence was set aside and on resentencing the second prior felony was used to increase the enhancement to the appropriate level for two prior felonies. The second sentence was not tacked on to the first sentence; it *superseded* the first sentence. Defendant was given credit for the time he had already served pursuant to the original enhancement. Thus, in form and in substance the first sentence—which was the first use of the prior felony—was nullified so that the first use ultimately imposed no additional punishment on Defendant. If Defendant's argument were correct, then double use of the *current* felony conviction would occur whenever habitual-offender enhancement is imposed in a proceeding conducted after imposition of the basic sentence—the current felony would be used first as the predicate for the basic sentence and then as a predicate for the enhanced sentence. We reject the argument and hold that no double use of the prior felony occurred.

▇ 8. Even if the procedure followed in this case could be construed as double use of the one prior felony, we hold that such double use would be permissible. The question of whether multiple use of one prior act is permissible in a given situation is generally a question of legislative intent. *See Haddenham,* 110 N.M. at 151–52, 793 P.2d at 281–82. The legislative intent in a case such as this one, in which the defendant has two prior felonies, is clearly to impose a four-year enhancement on the sentence. Section 31–18–17(C). This enhancement is mandatory if the prosecutor exercises discretion to pursue the enhancement. *March v. State,* 109 N.M. 110, 111, 782 P.2d 82, 83 (1989) (prosecutor has discretion to seek or not to seek enhanced sentencing, despite mandatory language of statute). The prosecutor may seek enhancement at any time following conviction, as long as the sentence enhancement is imposed before the defendant finishes serving the term of incarceration and any parole or probation that may follow that term. *See id.* at 111–12, 782 P.2d at 83–84; *State v. Roybal,* 120 N.M. 507, 510, 903 P.2d 249, 252 (Ct.App.), *cert. denied,* 120 N.M. 498, 903 P.2d 240 (1995); *State v. Gaddy,* 110 N.M. 120, 122, 792 P.2d 1163, 1165 (Ct.App.1990). Postponement of habitual-offender proceedings is authorized even if the prosecutor knew about the defendant's prior felony convictions when the defendant was convicted of the current felony but did not pursue enhancement at that time. *State v. Mayberry,* 97 N.M. 760, 761, 643 P.2d 629, 630 (Ct.App.1982). Given the legislature's explicit approval of the initiation of habitual-offender proceedings after imposition of the basic sentence, § 31–18–19, we can discern no reason why the legislature would preclude successive habitual-offender proceedings if necessary to impose the statutorily mandated enhancement. In short, the mere fact that Defendant here was subjected to two enhancement proceedings—both of which were based, at least in part, on one particular prior felony—does not violate the legislative intent implicit in the habitual-offender statute.

▇ 9. Defendant's second double-jeopardy argument rests on the timing of the procedure followed in his case. He contends that the second enhancement proceeding was improper because he had already been validly sentenced as a felon with one prior conviction and had begun serving that sentence. According to Defendant, once the State chose to use only one of Defendant's prior felonies

to enhance his sentence, and he began to serve that enhanced sentence, the State was precluded from changing its mind and using both. We disagree. To be sure, the prohibition against double jeopardy ordinarily precludes an increase in a valid sentence after a defendant has started serving the sentence. *See, e.g., State v. Cheadle*, 106 N.M. 391, 394, 744 P.2d 166, 169 (1987). This prohibition does not apply, however, in the habitual-offender context. A sentence is no longer valid once it is proved that the defendant has prior felony convictions that must be used to enhance the sentence. *See State v. Stout*, 96 N.M. 29, 32, 627 P.2d 871, 874 (1981). The invalid sentence may then be superseded by the valid enhanced sentence without violating the prohibition against double jeopardy. *See id.*

■ 10. We recognize that double-jeopardy doctrine prohibits the government from prosecuting a person for a greater offense after being successfully prosecuted for the lesser offense. *See Brown v. Ohio*, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977). By analogy, one could contend that a successful second-offender enhancement proceeding bars a subsequent third-offender proceeding. But, as our Supreme Court has recently reaffirmed, such double-jeopardy protections *generally do not apply to habitual-offender proceedings, which determine only the sentence, not guilt or innocence. State v. Aragon*, 116 N.M. 267, 271–72, 861 P.2d 948, 952–53 (1993). For example, if the State fails to present sufficient evidence to establish the sequence of prior felonies required to sentence a defendant as an habitual offender, the State may constitutionally be afforded another opportunity to prove that sequence. *State v. Linam*, 93 N.M. 307, 310, 600 P.2d 253, 256, *cert. denied*, 444 U.S. 846, 100 S.Ct. 91, 62 L.Ed.2d 59 (1979); *but cf. Koonsman*, 116 N.M. at 114 n. 2, 860 P.2d at 756 n. 2 (in habitual-offender proceeding State may not relitigate the identity of the person named in the prior convictions), even though the impropriety of a retrial after an "acquittal" is the heart of double-jeopardy doctrine. *See Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978). As we understand the holdings of the New Mexico Supreme Court, double-jeopardy doctrine does not bar an habitual-offender proceeding that raises allegations not pursued earlier.

■ 11. Nor did the second enhancement proceeding run afoul of the double-jeopardy clause by violating Defendant's objectively reasonable expectations of finality. *See March*, 109 N.M. at 111, 782 P.2d at 83; *Gaddy*, 110 N.M. at 122, 792 P.2d at 1165. Defendant can hardly argue that he had an objectively reasonable expectation that his original sentence was final before the second enhancement was imposed. He signed a plea agreement that specifically and clearly informed him that if he violated the conditions of his probation, he would be subject to an additional enhancement and an additional three years of incarceration. Defendant's own conduct triggered the second enhancement. *See Montoya v. State*, 55 F.3d 1496, 1499 (10th Cir.1995) (under facts identical to those here, court rejected defendant's claim that his legitimate expectation of finality in his sentence was frustrated, holding that the plea agreement unambiguously put defendant on notice of the possibility of further enhancement and that defendant had defeated his expectation "by his own hand").

12. Defendant nevertheless claims that his reasonable expectations were violated because he had already served the one-year-enhancement portion of his sentence before the second enhancement was imposed. *See March* and *Gaddy* (once a sentence has been served, defendant has reasonable expectation that debt to society has been paid and sentence may no longer be enhanced). But this argument errs in treating the habitual-offender enhancement of his sentence as a separate sentence. Referring to an habitual-offender enhancement, we have said, "Multiple sentences are not involved; what is involved, under the statutes, is the computation of a single sentence for one crime." *Mayberry*, 97 N.M. at 763, 643 P.2d at 632; *see State v. Ruiz*, 109 N.M. 437, 438, 786 P.2d 51, 52 (Ct.App.1989) (habitual-offender enhancement is an "alteration" of the sentence), *cert. denied*, 109 N.M. 419, 785 P.2d 1038 (1990); *State v. Harris*, 101 N.M. 12, 14–15, 677 P.2d 625, 627–28 (Ct.App.1984) (once it was determined that defendant was an habitual offend-

er, the enhanced sentence "supplanted" the previous sentence). Thus, Defendant received only one sentence after his no-contest plea—a sentence of two and one-half years, with 351 days suspended while he was on probation. Defendant had not served all that time when he received his second enhancement.

13. Based on the foregoing, we find no violation of Defendant's double-jeopardy rights.

### Statutory Arguments

■■■ 14. Defendant contends, in several different ways, that there was no statutory authorization for the second enhancement imposed by the district court. He argues that imposing an additional enhancement as punishment for violating his conditions of probation is not a penalty authorized by the legislature. According to Defendant, upon revocation of probation a district court is limited to the three options listed in the statute governing revocation of probation: (1) continuing the original probation, (2) revoking the probation and ordering a new probation with additional conditions, or (3) revoking the probation and requiring the probationer to serve the balance of the sentence imposed or a lesser sentence. *See* NMSA 1978, § 31–21–15(B) (Repl. Pamp.1994). Defendant reads too much into Section 31–21–15. The statute provides the court with certain authority to modify a suspended or deferred sentence if the probationer violates a condition of probation. It does not foreclose the imposition of additional otherwise permissible sanctions for the acts that form the basis for revocation or modification of probation. For instance, if a probationer violates a condition of probation by committing a crime, the State is not foreclosed from prosecuting the crime as well as moving to revoke probation. Here, the State had authority under the habitual-offender statute to seek a further enhancement of Defendant's sentence but was prohibited from doing so originally because of a restriction in the plea agreement. Once that restriction was voided by Defendant's misconduct, the State could exercise its authority under the habitual-offender statute. Thus, the State filed (1) a

motion to revoke Defendant's probation and (2) a separate amended habitual-offender information charging Defendant with having two prior felony convictions. The judgment and sentence revoked Defendant's probation, separately adjudged him to be an habitual offender with two prior felony convictions, appropriately reimposed the original eighteen-month sentence for the underlying felony (as a consequence of his violation of the conditions of probation), and additionally enhanced the sentence by four years under the habitual-offender statute. The court's judgment and sentence was authorized by law.

■■■ 15. Defendant also contends that the additional enhancement was not authorized because it was based on the probation violation. He argues that habitual-offender enhancements must be based on prior felony convictions, not on other actions such as a probation violation. This argument misses the mark. The habitual-offender statute authorized the enhancement because of Defendant's two prior felony convictions. The prosecutor, however, had discretion whether to seek the enhancement. This discretion was exercised by entering into a plea agreement with Defendant. When the terms of the agreement permitted the prosecutor to pursue the third-offender enhancement, the prosecutor did so. Defendant confuses the statutory authority for the enhancement with the prosecutor's reason for seeking the enhancement. That reason could be any number of things. That the reason is something in addition to Defendant's prior felony convictions does not render the enhancement an unauthorized one.

■■■ 16. Finally, Defendant contends that the second enhancement, which resulted in three additional "enhancement years" of incarceration, was unauthorized by statute because the statute requires either a one-year, a four-year, or an eight-year enhancement. This argument misconstrues what occurred in this case. The second enhancement was not a three-year enhancement, but a four-year one authorized by Defendant's two prior felony convictions. The only reason three additional years of actual incarceration resulted was that Defendant had already served one year of the enhancement

portion of his sentence. Defendant argues that it was improper to give credit for that time because the net result amounted to an unauthorized suspension or deferral of an enhancement. We disagree. He will be incarcerated for the entire four years—some time was served before the imposition of the enhancement, the rest to be served after. Giving credit for the time served was required by law and was not different from giving credit for all time served, either in incarceration or on probation, when probation has been revoked or a sentence enhanced. *See State v. Martinez*, 92 N.M. 256, 259, 586 P.2d 1085, 1088 (1978) (upon enhancement of a sentence due to habitual-offender status, credit must be given for time served on the underlying sentence prior to the enhancement). Giving credit did not somehow convert the second enhancement into an unauthorized three-year enhancement.

17. Based on the foregoing, we hold that there was no statutory barrier to the procedure followed in this case. Because we have already held that no double-jeopardy violation occurred, we affirm the district court's decision.

18. **IT IS SO ORDERED.**

APODACA, C.J., and ALARID, J., concur.