This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.                                                                          **No. A-1-CA-37375**

**MICHAEL RODRIGUEZ,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Douglas R. Driggers, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellant

Bennett J. Baur, Chief Public Defender
Will O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**VANZI, Chief Judge.**

{1}     The State appeals from a district court order revoking Defendant's probation and re-sentencing him. We issued a calendar notice proposing to reverse. Defendant

has responded with a memorandum in opposition. We reverse and remand for resentencing.

{2}     In this case, Defendant plead guilty in 2015 to trafficking and distribution. [RP 40] The plea contains an admission of identity to two prior felonies. [RP 40] The State only sought to enhance his sentence with one of the two prior felonies, but the plea informed Defendant that he could be subject to the use of both priors upon revocation of his probation. [RP 41, 42] Pursuant to the plea, only a single prior was used in the judgment and sentence, resulting in each felony being enhanced by one year. [RP 51] Defendant's probation was thereafter revoked, and the State sought a four-year enhancement for each felony, based on the use of both priors, with credit for any time served under the additional enhancement. *See* NMSA 1978, § 31-18-17(B) (2003) (mandating a four-year enhancement where the defendant has two priors). The district court ruled that the State had "used up" the first felony in the first sentence, and the use of a second prior at re-sentencing would only tack on an additional year a piece to the enhancements.

{3}     In *State v. Freed*, 1996-NMCA-044, 121 N.M. 569, 915 P.2d 325, this Court was presented with the identical issue that we have here. We concluded that the State's use of only a single prior felony in the original sentence did not preclude it from using that same prior felony for purposes of seeking a greater enhancement in

the second sentence. *Id.* ¶ 7. We noted that the second judgment supersedes the original judgment, and therefore all prior felonies charged by the state control the period of enhancement. *Id.* There, as here, the state could use both the single felony used in the original sentence, and the second felony used after revocation, resulting in a four-year enhancement, subject of course to any credit that may apply. *Id.* ¶ 8.

**{4}** In his memorandum in opposition, Defendant argues that we should depart from *Freed* and the New Mexico Supreme Court precedent cited therein, because double jeopardy law has evolved since *Freed* was decided. However, as observed in *Freed* "the question of whether multiple use of one prior act is permissible [for double jeopardy purposes] in a given situation is generally a question of legislative intent." *Id.* ¶ 8. There is no statutory change that indicates that the legislative intent has changed on this issue. We therefore decline to revisit *Freed*.

**{5}** For the reasons set forth above, we reverse and remand.

**{6}** **IT IS SO ORDERED.**

_____

**LINDA M. VANZI, Chief Judge**

**WE CONCUR:**

_____

**M. MONICA ZAMORA, Judge**

3

_____
**J. MILES HANISEE, Judge**