Frank Y. **MORA**, Appellant,

v.

Wayne K. **PATTERSON**, Warden, Colorado State Penitentiary, Appellee.

No. 9016.

United States Court of Appeals
Tenth Circuit.

Jan. 11, 1967.

John E. Beaven, for appellant.

James W. Creamer, Jr., Denver, Colo. (Duke W. Dunbar, Atty. Gen., Frank E. Hickey, Deputy Atty. Gen., James F. Pamp., Asst. Atty. Gen., on the brief), for appellee.

Before LEWIS and ALDRICH, Circuit Judges, and STANLEY, District Judge.

ARTHUR J. STANLEY, Jr., District Judge.

Appellant appeals from a denial of his petition for a writ of habeas corpus. While on state parole, he was arrested on September 5, 1963 and held originally in a Denver jail on a hold order issued by the Colorado State Parole Department. Some four days later he was transferred to a jail in Greeley, Colorado under an outstanding capias from the Weld County District Court on separate and independent charges. These charges were dismissed in the Weld County Court on September 24, and on October 8 appellant was transferred to the Colorado State Penitentiary. On October 29 the State Board of Parole revoked his parole.

Appellant contends that he was held in custody as a parole violator for more than the fifteen-day period permitted by Colorado law (CRS 1963, 39–17–4), and that after the passage of the statutory period his custody was, and still is, unlawful.

The question presented involves the interpretation of a state statute by the courts of the state. See Browning v. Hand, 284 F.2d 346 (10th Cir. 1960). The Colorado Supreme Court has held that CRS 39–17–4 does not limit the time within which the parole board must act. Folks v. Patterson, Colo., 412 P.2d 214, and that questions with respect to matters transpiring prior to the time a parolee is transferred to the state penitentiary are not justiciable after the transfer. Johnson v. Tinsley, Colo., 404 P.2d 159.

The trial court held that the petitioner has shown no violation of any federally protected right. We agree.

Affirmed.