653 P.2d 904
**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Glen REAVES, Defendant-Appellant.**

**No. 5832.**

Court of Appeals of New Mexico.

Nov. 2, 1982.

Martha A. Daly, Rothstein, Bailey, Bennett & Daly, Santa Fe, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Anthony Tupler, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

WALTERS, Chief Judge.

In his appeal from enhancement of his sentence as an habitual offender, defendant raises one issue:

Is it improper to enhance a sentence under the general habitual offender statute if it has already been enhanced under the firearm enhancement statute?

We hold that it is not improper and affirm.

Defendant was convicted in January, 1982 of aggravated assault. The jury found he had used a firearm in the commission of the crime. A basic sentence of 18 months (§ 31–18–15, N.M.S.A.1978 [1981 Repl.Pamph.]) for aggravated assault (§ 30–3–2, N.M.S.A.1978) was enhanced by one year pursuant to § 31–18–16 A, N.M.A.1978 [1981 Repl.Pamph.]. The State thereafter filed a Supplemental Criminal Information alleging that defendant was an habitual offender, having been convicted of two felonies on July 24, 1979, and the aggravated assault (fourth degree felony) on January 7, 1982. Defendant waived a jury on the habitual offender charge; the trial court found defendant to be an habitual offender, and enhanced the January 1982 sentence by another year in accordance with the provisions of § 31–18–17 B, N.M.S.A.1978 [1981 Repl.Pamph.].

Defendant urges that the firearm enhancement and habitual offender enhancement statutes are in conflict; that once the basic sentence is enhanced by the firearm provision, it is no longer a basic sentence and there is no "basic" sentence to which to apply the habitual enhancement.

It is defendant's position that since the firearm enhancement provision applies only to those felons who have committed a non-capital offense with use of a firearm, it is more specific than the habitual offender statute which applies to every non-capital felony offender. Defendant relies on *State v. Alderete,* 88 N.M. 150, 538 P.2d 422 (Ct. App.1975), which held that the habitual offender statute did not apply to one convicted of an offense under the Controlled Substances Act who had been convicted of prior narcotic drug offenses. *Alderete* held further that the enhancement provisions within the Controlled Substances Act were intended by the legislature to apply to crimes committed under that Act, and if the Act did not provide enhancements for certain crimes covered by the Act, second or subsequent convictions could not be enhanced, instead, under the habitual enhancement statute. That decision was reached upon an analysis of the legislative history which developed the Controlled Substances Act, at a time when the habitual offender penalties were in effect. Consequently, noted *Alderete,* the enhancement provisions of the Controlled Substances Act was the controlling law for enhancement of crimes covered by the Controlled Substance Act. *See State v. Heyward,* 90 N.M. 780, 568 P.2d 616 (Ct. App.1977).

The reasoning of *Alderete, supra,* does not apply to the facts of this case. We are not dealing with one crime under the Criminal Code and another under a chapter devoted to a specific other type of crime. The prior and subsequent offenses of which defendant was found guilty are crimes enumerated in the Criminal Code of Chapter 30, N.M.S.A.1978, and its supplements. Under Section 31–18–13, N.M.S.A.1978 [1981 Repl.Pamph.], contained in Chapter 31, N.M.S.A.1978 [1981 Repl.Pamph.], whose short title is "Criminal Sentencing Act," all persons convicted of a crime shall be sentenced in accordance with the Criminal Sentencing Act unless a different penalty is provided by another statute not contained in the Criminal Code, under which the felon had been convicted.

Both §§ 31–18–16 A and 31–18–17 B provide for the alteration of the basic sentence by increasing that sentence for an additional year. Those increases are for different

reasons and are mandatory. *State v. Mayberry,* 97 N.M. 760, 643 P.2d 629 (Ct.App. 1982). Another indication of legislative intent may be found in a companion section, § 31–18–15, N.M.S.A.1978 [1981 Repl. Pamph.], which provides for specific basic sentences according to the degree of the felony, as well as for a period of parole pursuant to § 31–21–10 of the same compilation. That section clarifies that more than one "alteration" of a basic sentence may be imposed, by the following language of its subsection C:

> The period of parole shall be deemed to be part of the sentence of the convicted person in addition to the basic sentence imposed * * * *together with alterations* * * * pursuant to the provisions of Section 31–18–15.1, *31–18–16 or 38–18–17* NMSA 1978.

We note that the subsection refers to the "sentence" in the singular; it refers to "alterations" in the plural. It is a clear indication of the legislature's contemplation that some situations will trigger application of more than one "alteration" to a basic sentence. There is nothing in §§ 31–18–16 or –17 that would indicate that the "alterations" provided by those sections were to be applied only as alternatives and not cumulatively.

Penal statutes will not be subjected to strained or unnatural constructions in order to work exemptions from their provisions, *State v. Gilman,* 97 N.M. 67, 636 P.2d 886 (Ct.App.1981), nor will they be read contrary to their plain meanings. *Arnold v. State,* 94 N.M. 381, 610 P.2d 1210 (1980).

In summary, there is no error in applying the firearm enhancement penalty to a defendant's basic sentence when a firearm was used in commission of the crime for which he was convicted. There is no error in thence further enhancing his basic sentence according to the habitual offender statute if the crime is defendant's second, third or fourth (or more) non-capital felony conviction.

The judgment and sentence of the trial court is AFFIRMED.

WOOD and NEAL, JJ., concur.