786 P.2d 51

**STATE of New Mexico,**
**Plaintiff–Appellant,**

v.

**Ismael RUIZ, Jr., Defendant–Appellee.**

No. 11239.

Court of Appeals of New Mexico.

Dec. 19, 1989.

Certiorari Denied Jan. 10, 1990.

Hal Stratton, Atty. Gen., Bill Primm, Asst. Atty. Gen., Santa Fe, for plaintiff-appellant.

Jacquelyn Robins, Chief Public Defender, Jonathan A. Abbott, Asst. Appellate Defender, Santa Fe, for defendant-appellee.

## OPINION

HARTZ, Judge.

The state contends that the district court lacked authority to order defendant confined in the county jail for his one-year sentence. We agree and reverse and remand for imposition of a correct sentence.

Defendant was convicted of battery on a peace officer and resisting arrest. Later the district court found him to be a habitual offender, with one prior conviction. The district court suspended defendant's eighteen-month sentence for battery and his six-month sentence for resisting arrest. Pursuant to the habitual offender statute, the district court enhanced the sentence for battery by one year. As required by law, the one-year enhancement was not suspended or deferred. NMSA 1978, § 31–18–17(B) (Repl.Pamp.1987). The district court ordered that the sentence be served in the Chaves County Detention Center on a work-release program and granted defendant credit toward his sentence for two days of presentence confinement.

NMSA 1978, Section 31–20–2(A) (Repl. Pamp.1987) provides:

A. Persons sentenced to imprisonment for a term of one year or more shall be imprisoned in a corrections facility designated by the corrections department, unless a new trial is granted or a portion of the sentence is suspended so as to provide for imprisonment for not more than eighteen months; then the imprisonment may be in such place of incarceration, other than a corrections facility under the jurisdiction of the corrections department, as the sentencing judge, in his discretion, may prescribe; provided that a sentence of imprisonment for one year or more but not more than eighteen months shall be subject to the provisions of Subsections D and E of this section and shall not be imposed unless the requirements set forth in Subsection D of this section are satisfied.

Section 31–20–2(D) states in pertinent part:

D. A sentence of one year or more but not more than eighteen months and providing for imprisonment in a place of incarceration other than a corrections facility under the jurisdiction of the corrections department pursuant to Subsection A of this section, which shall be known as the local sentencing option, shall not be imposed unless:

\*　　\*　　\*　　\*　　\*　　\*

(2) the governing authority in charge of the place of incarceration has entered into a joint powers agreement with the corrections department * * *.

The parties agree that there was no joint powers agreement applicable in this case. The provisions of Section 31–20–2(D) are mandatory, not discretionary. Therefore, the district court was required to sentence defendant to a corrections facility designated by the corrections department, and not the county jail, if defendant was "sentenced to imprisonment for a term of one year or more." § 3120–2(A).

Defendant contends that the term of his sentence was not the one-year term imposed by the judgment, but the 363 days remaining after credit for two days of presentence confinement. Although Section 31–20–2(A) does not refer to credit for presentence confinement, he argues that the statutory provision authorizing a local sentence option is ambiguous and we must therefore interpret it in his favor in accordance with the "rule of lenity" in criminal matters. *See Brock v. Sullivan*, 105 N.M. 412, 414, 733 P.2d 860, 862 (1987). Yet even were we to agree that incarceration in a state correctional institution is necessarily a harsher penalty than incarceration in a county jail, we would not agree that the rule of lenity compels defendant's reading of the statute. We will not construe penal statutes contrary to their plain meaning. *See State v. Pedroncelli*, 100 N.M. 678, 681, 675 P.2d 127, 130 (1984); *State v. Reaves*, 99 N.M. 73, 75, 653 P.2d 904, 906 (Ct.App.1982). Nor will we add words or nuances to a statute that makes sense as written. *See State v. Gutierrez*, 102 N.M. 726, 699 P.2d 1078 (Ct.App.1985). Our role is to "ascertain and give effect to the intention of the Legislature in construing a statute." *Arnold v. State*, 94 N.M. 381, 383, 610 P.2d 1210, 1212 (1980).

The "sentence" in this case was the one-year term imposed by the judgment of the district court, not the 363 days remaining to be served on that sentence after imposition of the sentence. The language of the district court judgment itself suggests as much. The judgment reads: "IT IS THE FURTHER ORDER OF THE COURT that the sentence herein is suspended EXCEPT for ONE (1) YEAR to be served in the Chaves County Detention Center." The two days of presentence confinement did not result in a 363–day sentence; they simply were applied as credit toward the one-year sentence. The judgment stated: "Defendant shall receive credit for 2 days presentence confinement."

More importantly, the statutory scheme requires that the "sentence" be defined as the one-year term. Although defendant argues that the credit for presentence confinement is similar to the sentence enhancement for habitual offenders or users of firearms in that it "alters" the sentence, the terminology in the statutory provisions suggests otherwise. The various habitual offender provisions state that the offender's "basic sentence shall be increased," Sections 31–18–17(B), (C), and (D); and the firearm enhancement statute provides: "the basic sentence of imprisonment prescribed for the offense in Section 31–18–15 NMSA 1978 shall be increased * * *." NMSA 1978, § 31–18–16(A) (Repl.Pamp. 1987). Because those provisions explicitly state that the "sentence" is to be changed, it is appropriate to conclude that those statutes provide for "alterations" of the sentence. *See State v. Reaves*, 99 N.M. at 74, 653 P.2d at 905. In contrast, NMSA 1978, Section 31–20–12 (Repl.Pamp.1987) states: "A person held in official confinement on suspicion or charges of the commission of a felony shall, upon conviction of that or a lesser included offense, be given credit for the period spent in presentence confinement against any sentence finally imposed for that offense." The language is not that the presentence confinement reduces the sentence, but that the confinement is credited toward the sentence; the sentence remains unaltered.

Moreover, when Section 31–18–17(B) requires that a habitual offender's "basic sentence shall be increased by one year," we have no doubt that the statute does not require the offender to be incarcerated for a period of one year after imposition of sentence. The offender is certainly entitled to credit for presentence confinement

against the actual sentence imposed. In other words, the "sentence" required by Section 31–18–17(B) is not the period of incarceration computed after credit for presentence confinement, which is the definition of "sentence" defendant proposes for Section 31–20–2. We would expect the legislature to use the word "sentence" consistently throughout the sentencing statutes and see no reason to believe that the legislature's meaning of the word "sentence" in Section 31–20–2 is different from its meaning in the habitual offender statute. In both statutes, "sentence" refers to the term of incarceration imposed by the court before credit for presentence confinement.

Finally, defendant's argument that he should be permitted to serve his time in the county jail pending resolution of his appeal challenging his convictions has been mooted by our affirmance of those convictions by separate memorandum opinion. In any event, the district court's direction that defendant serve his term in the Chaves County Detention Center predated the appeal and therefore could not have been predicated on defendant's pursuit of an appeal.

The portion of the court's judgment and sentence directing that defendant's sentence be served in the Chaves County Detention Center is contrary to law. The cause is remanded to the district court for entry of an amended sentence consistent with this opinion.

IT IS SO ORDERED.

DONNELLY and ALARID, JJ., concur.