936 F.2d 583
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
John Joseph PINSON, Petitioner,
v.
Dareld KERBY, Respondent.
 No. 90-2258.
 United States Court of Appeals, Tenth Circuit.
 June 26, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 This matter is before the court on petitioner John Joseph Pinson's application for a certificate of probable cause.
 
 
 2
 Petitioner filed for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254 against the warden of the state penitentiary in which he is incarcerated. Petitioner was convicted in state court pursuant to his guilty plea to conspiracy to receive stolen property and was sentenced to eighteen months imprisonment on that conviction. See N.M.Stat.Ann. Sec. 31-18-15. He was also given a mandatory four year habitual criminal enhancement to be served consecutively to the other sentence. See id. Sec. 31-18-17(C). The court ordered petitioner to be placed on parole for one year after his ultimate release from prison. Petitioner alleges that the state court exceeded its statutory authority, and in the process denied him due process as required by the federal constitution, when it failed to direct that the parole term be served concurrently with the habitual criminal enhancement term, and when it did not determine that N.M.Stat.Ann. Sec. 31-18-15(C), providing for the parole term, is unconstitutionally vague.
 
 
 3
 We reject both assertions, as did the district court. First, the interpretation of a state criminal statute dealing with whether a parole term should be served concurrently with or consecutively to an enhancement required by state law is a state question on which the state courts have the final decision. The state courts' interpretation of state law raises no federal constitutional issue. See, e.g., Mora v. Patterson, 370 F.2d 923 (10th Cir.1967). N.M.Stat.Ann. Sec. 31-18-15(C) explicitly provides that the mandatory parole term "shall be deemed part of the sentence," to be served after completion of the prison term. See Gillespie v. State, 107 N.M. 455, 760 P.2d 147, 148 (1988). New Mexico cases hold that the habitual criminal enhancement is merely an alteration of the basic sentence and a part thereof. State v. Reaves, 99 N.M. 73, 653 P.2d 904, 905-06 (Ct.App.1982); State v. Mayberry, 97 N.M. 760, 643 P.2d 629 (Ct.App.1982).
 
 
 4
 Petitioner also misperceives the application of the rule of vagueness in federal constitutional law. The vagueness of which he complains is simply whether the parole term is to be served consecutively to or concurrently with the enhanced penalty based on petitioner's status as an habitual offender. The unconstitutional vagueness doctrine centers around the criminality of conduct, whether a person can predict that his behavior will constitute a crime, not the appropriate sentence. See Chapman v. United States, 59 U.S.L.W. 4530, 4534 (U.S. May 30, 1991). The interpretation of the state statutes with respect to concurrency versus consecutive service of sentences does not implicate that doctrine.
 
 
 5
 We conclude that petitioner has failed to make a substantial showing of the denial of a federal right necessary for the issuance of a certificate of probable cause under 28 U.S.C. Sec. 2253. See Barefoot v. Estelle, 463 U.S. 880 (1983). Petitioner's application for a certificate of probable cause is denied.
 
 
 6
 AFFIRMED.
 
 
 7
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3