2005-NMCA-001

104 P.3d 533

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Bryan BACA, Defendant–Appellant.**

State of New Mexico, Plaintiff–Appellee,

v.

Lanie Allen, Defendant–Appellant.

Nos. 23,021, 23,548.

Court of Appeals of New Mexico.

Oct. 22, 2004.

Certiorari Denied, Nos. 28,953,
28,952, Dec. 30, 2004.

Patricia A. Madrid, Attorney General, Anita Carlson, Patricia Gandert, Assistant Attorney Generals, Santa Fe, NM, for Appellee.

John B. Bigelow, Chief Public Defender, Theresa M. Duncan, Karl Erich Martell, Assistant Appellate Defenders, Santa Fe, NM, for Appellant.

## OPINION

ROBINSON, Judge.

{1} Defendant Bryan Baca appeals from an order of the district court revoking his probation and sentencing him to three years in prison, arguing that the district court lacked the authority to revoke the probation. In an unrelated case, Defendant Lanie Allen also challenges an order revoking probation and imposing a six month sentence, based on the contention the district court was without

authority to revoke his probation. This Court has consolidated these two cases because they raise the same legal issue: interpretation of the statutory relationship between NMSA 1978, § 31–20–5(A) (1985, prior to 2004 amendment), and NMSA 1978, § 31–21–15(B) (1989). We affirm the district courts' orders.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Defendant Baca.

{2} Baca was initially charged with fifteen crimes, thirteen of which were felonies involving cocaine possession and trafficking. In August 1991, he pleaded guilty to two counts of trafficking cocaine by distribution contrary to NMSA 1978, § 30–31–20(A) (1990), and the remaining charges were dismissed. Baca was then sentenced to a term of nine years on each count with the sentences to run consecutively, for a total sentence of eighteen years. The district court suspended Baca's entire sentence and placed Baca on supervised probation for five years beginning in October 1991. *See* NMSA 1978, § 31–20–3(B) (1985); § 31–20–5(A). In addition to complying with the standard conditions of probation, Defendant was supposed to complete a drug rehabilitation program. Beginning in December 1993, the State filed a number of motions to revoke Baca's probation and invoke the suspended sentence. Of the nine probation violations filed with the district court regarding Baca, the district court revoked his probation four times.

{3} The two revocations relevant to this appeal occurred in October 1995 and August 2001. On October 5, 1995, the district court revoked Baca's probation for the third time, ordered him to serve five years in prison, and placed him on supervised probation for five years after his release. Baca did not appeal that order. After he had served only eight months of his five year sentence, the New Mexico Department of Corrections mistakenly released Baca in 1996. When he was arrested in March 1998 for another probation violation, the corrections department realized its error, and Baca resumed his five year sentence. The district court credited Baca for the time from his erroneous release until he was returned to prison.

{4} On August 13, 2001, the court revoked Baca's probation for the fourth time, ordering that Baca serve three years in prison and receive an unsatisfactory discharge from probation after release. In September 2001, Baca filed motions for reconsideration of the sentence. Although he acknowledged that the court had ordered a probation period of five years in 1995, Baca contended that the court had no authority to revoke his probation and impose the suspended sentence in 2001 because he had completed five years of probation in the aggregate before the State filed the final motion to revoke the 1995 probation. Basing his argument on Section 31–20–5(A), Baca maintained that five years in the aggregate was the maximum period of probation. Following a hearing on Baca's motions in January 2002, the district court concluded, relying upon Section 31–21–15(B), that it had the authority to revoke Baca's probation and denied the motions to reconsider. Baca appeals from that decision.

### B. Defendant Allen.

{5} In December 1996, Allen was charged with twelve counts of forgery, all of which were third degree felonies. *See* NMSA 1978, § 30–16–10(B) (1963). He pleaded guilty to all twelve charges, and a judgment and sentence was filed in October 1997. Under the judgment and sentence, Allen was sentenced to three years in prison on each count. Four of the counts were ordered to run consecutively to each other, and the remaining counts were to run concurrently, for a basic sentence of twelve years. Because Allen was an habitual offender with two prior convictions, the sentence was enhanced by four years, for a total sentence of sixteen years. The district court then suspended all the sentences for the underlying crimes, resulting in a sentence of four years imprisonment for the enhancement, a suspended sentence of twelve years for the forgeries, five years of supervised probation, and two years of parole. After completing his prison term, Allen began supervised probation on March 21, 2000.

{6} Preliminary reports alleging Allen had violated the conditions of his probation were filed on June 15, 2000 (arrest for battery on a household member and use of marijuana), and on July 6, 2000 (alcohol consumption and possession of marijuana). After the first two violations, the probation officer recommended that Allen be allowed to continue on probation, the district court concurred, and no action was taken. In August 2000, a probation violation report was filed for five additional violations. This time the probation officer recommended that Allen be declared an absconder, that a bench warrant be issued, and that he be remanded to the penitentiary for the balance of his sentence. At a hearing on September 11, 2000, Allen admitted to violating a condition of his probation. The district court imposed the balance of the original sentence and then suspended all but eighteen months of that sentence. The eighteen month period of incarceration was to be followed by five years of supervised probation.

{7} Allen was released by the Department of Corrections on June 24, 2001. A probation violation report was filed on July 1, 2002, detailing four violations which included his having pleaded guilty to three charges for battery and to one charge for criminal damage to property arising from attacks on his neighbors. At a revocation hearing on August 11, 2002, Allen admitted that he had violated the conditions of his probation. The district court accepted Allen's admission and issued an order imposing the balance of his sentence, suspending all but six months to be served in the county detention center, and authorizing supervised probation upon release. Allen appeals from that order, arguing that the court lacked authority under Section 31–21–15(B) to both sentence him and impose probation.

## II. DISCUSSION

{8} Defendants' challenge to the actions of the district courts is based on their contention that the courts erred in applying Section 31–21–15(B). They also contend that this misapplication led the district courts into another error: imposing periods of probation that exceeded the five year "cap" on proba-

tion which they assert is to be found in Section 31–20–5(A).

### A. Standard of Review.

{9} The issues raised by Defendants call for this Court to construe Section 31–20–5(A) and Section 31–21–15(B). Statutory construction is a question of law which we review de novo. *State v. McClendon,* 2001–NMSC–023, ¶ 2, 130 N.M. 551, 28 P.3d 1092. "The first rule of statutory construction is that courts must ascertain and give effect to the Legislature's intentions." *State v. Sinyard,* 100 N.M. 694, 696, 675 P.2d 426, 428 (Ct.App.1983). The statute at issue must be read as a whole, construing each section or part "in connection with every other part or section so as to produce a harmonious whole." *Id.* at 697, 675 P.2d at 429. A reviewing court must also look to the function of a particular statute within a comprehensive legislative system. *Sims v. Sims,* 1996–NMSC–078, ¶ 21, 122 N.M. 618, 930 P.2d 153.

### B. Section 31–21–15.

{10} Section 31–21–15(B) provides the courts with the following options for dealing with a probation violator:

If the violation is established, the court may continue the original probation, revoke the probation and either order a new probation with any condition provided for in Section 31–20–5 or 31–20–6 NMSA 1978, or require the probationer to serve the balance of the sentence imposed or any lesser sentence.

Section 31–21–15(B) refers the reader to Section 31–20–5, which defines the circumstances in which probation should be ordered, and Section 31–20–6, which defines conditions to be imposed when a sentence is deferred or suspended. Section 31–20–5(A) states the following, in relevant part:

When a person has been convicted of a crime for which a sentence of imprisonment is authorized and when the . . . district court has deferred or suspended sentence, it shall order the defendant to be placed on probation for all or some portion of the period of deferment or suspension if the defendant is in need of supervision,

guidance or direction that is feasible for the corrections department to furnish. Except for sex offenders ... the total period of probation for district court shall not exceed five years....

{11} Defendants acknowledge that the courts, under Section 31–21–15(B), could revoke their probations and then require them to serve the balance of the sentence previously imposed, or to serve a sentence which is less than the balance of the sentence previously imposed. They contend, however, that the district courts erred because they ignored the "either" "or" language of Section 31–21–15. Rather, they argue, the district courts, after revoking Defendants' probations, ordered both a new probation and a sentence. They claim that the district courts then compounded the error by imposing new probations which would exceed the five year limit they find in Section 31–20–5(A). Defendants assert that, after revoking a probation, the district court may only modify the conditions of probation such that the total period of probation does not exceed five years. Finally, they maintain that the district courts failed to properly credit the time that they spent on probation.

{12} Our Supreme Court has stated that "the probation provisions of our state's criminal code, especially Sections 31–20–5 and 31–21–15, [are] indicative of the Legislature's intent to give trial courts broad discretion to sentence defendants to probationary terms and strictly monitor their compliance with an eye toward the goal of prompt and effective rehabilitation." *State v. Rivera,* 2004–NMSC–001, ¶ 21, 134 N.M. 768, 82 P.3d 939; *accord Sinyard,* 100 N.M. at 697, 675 P.2d at 429 ("Read in their entirety, the sentencing statutes evidence a legislative intent that the trial court have a wide variety of options by which to sentence."). Defendants' arguments regarding statutory construction fail because they are contrary to this legislative intent. Defendants' interpretation does not construe Section 31–20–5 and Section 31–21–15 in a manner that produces a harmonious whole. Rather, their narrow reading of the two statutes would serve to severely constrain the discretion of the court "to sentence defendants to probationary terms and strict-

ly monitor their compliance with an eye toward the goal of prompt and effective rehabilitation." *See Rivera,* 2004–NMSC–001, ¶ 21, 134 N.M. 768, 82 P.3d 939.

{13} When Section 31–21–15 and Section 31–20–5 are read together, as Section 31–21–15(B) directs, it is evident that the district courts complied with the provisions of the two statutes. As described above, Section 31–21–15(B) presents a district court with several alternatives for dealing with a defendant who has violated the conditions of his or her release. The court may "continue the original probation, revoke the probation and either order a new probation with any condition provided for in Section 31–20–5 or 31–20–6 NMSA 1978, or require the probationer to serve the balance of the sentence imposed or any lesser sentence." Section 31–21–15(B).

{14} In both cases, Defendants' sentences were initially suspended in full, and they were placed on supervised probation for five years under the conditions of Section 31–20–6. *See State v. Leslie,* 2004–NMCA–106, ¶ 7, 136 N.M. 244, 96 P.3d 805 (stating that, under Section 31–20–6, "the court must impose conditions upon a deferred or suspended sentence to ensure that the defendant abides by the law"). Defendants violated the conditions of probation numerous times. With the first violation reports, the district courts continued Defendants' original probations. However, in both cases, Baca and Allen continued to manifest an inability, or unwillingness, to comply with their probation conditions. In the face of the repeated probation violations by Defendants, the respective district courts revoked each of their probations and imposed the balance of their original sentences.

{15} " 'The sentencing court retains jurisdiction to revoke a suspended sentence for good cause shown at any time subsequent to the entry of judgment and prior to the expiration of the sentence.' " *Rivera,* 2004–NMSC–001, ¶ 21, 134 N.M. 768, 82 P.3d 939 (quoting *State v. Padilla,* 106 N.M. 420, 422, 744 P.2d 548, 550 (Ct.App.1987)). Each court then suspended the original sentence in part so that Baca and Allen were incarcerated for a lesser period of time. When De-

fendants were released, they still had time remaining to serve on their suspended sentences. As Section 31–20–5(A) directs, when a district court has suspended a sentence, "it shall order the defendant to be placed on probation for all or some portion of the period of ... suspension if the defendant is in need of supervision, guidance or direction." Neither Defendant has disputed the respective district court's determination that a need for supervision, guidance, or direction existed in his case. We conclude that the district courts did not err when they relied on Section 31–21–15(B) to revoke Defendants' probations and impose a period of incarceration to be followed by supervised probation, under Section 31–20–6, for a period that did not exceed five years, as provided in Section 31–20–5(A)

### C. Section 31–20–5.

{16} Defendants argue that the plain language of Section 31–20–5(A) indicates that the Legislature intended that the total term of probation for a defendant serving a deferred or suspended sentence be limited to five years in the aggregate. To discern the objective the legislature was seeking to accomplish, a reviewing court typically looks to the plain language of a statute. *Wilson v. Denver*, 1998–NMSC–016, ¶ 16, 125 N.M. 308, 961 P.2d 153. However, as Justice Montgomery advised us, "courts must exercise caution in applying the plain meaning rule. Its beguiling simplicity may mask a host of reasons why a statute, apparently clear and unambiguous on its face, may for one reason or another give rise to legitimate (*i.e.*, nonfrivolous) differences of opinion concerning the statute's meaning." *State ex rel. Helman v. Gallegos*, 117 N.M. 346, 353, 871 P.2d 1352, 1359 (1994).

{17} Defendants rely for support upon *State v. Devigne*, 96 N.M. 561, 564–65, 632 P.2d 1199, 1202–03 (Ct.App.1981), in which this Court interpreted the meaning of the word "total" in the context of Section 31–20–5(A). However, we do not believe that a fair reading of *Devigne* supports Defendants' assertions regarding the intent of the Legislature. In *Devigne*, the defendant was found guilty of five separate counts of burglary and

sentenced to three years imprisonment on each of the counts. *Id.* at 564, 632 P.2d at 1202. The district court imposed consecutive sentences on two of the convictions and ordered concurrent sentences on the remaining three convictions, for a total sentence of six years. *Id.* The court then suspended the sentences and placed the defendant on probation for six years. *Id.* This Court remanded the case for further proceedings in district court, after holding that "the proviso of § 31–20–5 means that the maximum probation for the five sentences imposed upon defendant, for convictions that occurred at one trial, was five years." *Id.* at 565, 632 P.2d at 1203.

{18} The State notes that in the cases at issue, both district courts complied with the proviso of Section 31–20–5(A) in their probation orders. Neither Defendant was placed on probation for longer than five years, either initially or in the later probations that followed Defendants' release from incarceration on suspended sentences. The State argues that *Devigne* stands for the principle that the maximum period of probation that a district court may impose at sentencing is a total of five years, regardless of the number of convictions, not that five years is the total amount of time a defendant can serve on probation, regardless of the number of violations. We agree. Defendants' misinterpretation of Section 31–20–5(A) arises from their failure to read it in concert with Section 31–21–15(B) to produce a harmonious whole. Under the construction of Section 31–20–5(A) proposed by Defendants, all the sentencing court could do, in effect, would be to continue the original probation for five years which would ignore the language in Section 31–21–15(B) that the sentencing court may continue the original probation, revoke that probation, and then either order a new probation or impose a sentence. Defendants' interpretation of the Section 31–20–5(A) would render that language a nullity. A reviewing court does not "construe one provision of a statute in a manner that would make other provisions null or superfluous." *Rivera*, 2004–NMSC–001, ¶ 18, 134 N.M. 768, 82 P.3d 939; *cf. Leslie*, 2004–NMCA–106, ¶¶ 9–10, 136 N.M. 244, 96 P.3d 805 (interpreting, in the context of conditional discharges,

the relationship between NMSA 1978, § 31–20–13(A) (1994), and Section 31–20–5 and Section 31–20–6, "within the overall sentencing scheme").

{19} In rejecting this argument below, the district court hearing Baca's motion for reconsideration observed that "Defendant and his counsel contend that Defendant's original five year period should simply be allowed to run to its conclusion, regardless of the number of violations he commits." We agree with the district court's assessment of this argument. Adopting Defendants' theory of statutory construction would defeat the legislative purpose behind the statute of giving sentencing courts broad authority to achieve the goal of rehabilitation. *See Sinyard*, 100 N.M. at 697, 675 P.2d at 429 (stating that "the sentencing judge is afforded broad discretion in fashioning sentences appropriate to the offense and the offender"); *see generally State v. Ogden*, 118 N.M. 234, 245, 880 P.2d 845, 856 (1994) ("[C]riminal statutes should be construed to further their purpose.").

{20} "The broad general purposes of probation are education and rehabilitation, without the requirement of serving the ᵥsuspended period of incarceration." *State v. Donaldson*, 100 N.M. 111, 119, 666 P.2d 1258, 1266 (Ct.App.1983). "Probation assumes that the offender can be rehabilitated without serving that portion of the sentence which is suspended." *Sinyard*, 100 N.M. at 696, 675 P.2d at 428. Under Defendants' interpretation of Section 31–20–5(A), a sentencing court's authority "to tailor probation conditions to the offense and to the probationer's individual rehabilitative needs," *id.* at 697, 675 P.2d at 429, would be severely restricted. In addition, if there were a five year limitation on probation, as Defendants claim, it would work to the disadvantage of defendants with multiple violations, such as Baca and Allen. As the State argues, under Defendants' interpretation, courts would be forced to make a decision relatively early in a case whether to "risk another period of probation or to incarcerate the defendant who has still not shown that he can get through a substantial uninterrupted period of probation." With such a limited period of probation, courts would be reluctant to give defendants additional chances to successfully complete probation, knowing that the courts would soon lose the effective means to provide the supervision, guidance, and direction called for in Section 31–20–5(A).

{21} Finally, Defendants maintain that they were not credited for the time that they spent on probation. This argument is based on their perception of probation as being a discrete entity, separate from their sentence, which is limited to a total of five years. However, as discussed previously, probation is part of a suspended or deferred sentence. *See* Section 31–20–5(A); *Sinyard*, 100 N.M. at 696, 675 P.2d at 428; *Donaldson*, 100 N.M. at 119, 666 P.2d at 1266. A probationer whose sentence has been suspended is entitled to credit against his or her sentence for the time served on probation. *State v. Reinhart*, 79 N.M. 36, 38, 439 P.2d 554, 556 (1968). The record indicates that the district courts properly credited Defendants' time on probation against their sentences, and Defendants do not argue otherwise.

**D. Remaining Claim.**

{22} Lastly, Allen asserts that when the district court revoked his probation in 2000, it sentenced him to a lesser sentence of eighteen months without reserving any of the initial suspended sentence. He contends that, as a result, the court was without authority to order a period of probation after he completed his sentence. *See State v. Nolan*, 93 N.M. 472, 478, 601 P.2d 442, 448 (Ct.App.1979) (concluding that a defendant cannot be placed on probation in the absence of a deferred or suspended sentence). Allen's contention is based on an unsound reading of the court's order revoking his probation in September 2000. The order stated, in part, the following:

> IT IS, THEREFORE, THE ORDER OF THE COURT that probation be, and the same is hereby revoked and the sentence suspended on September 19, 1997, be, and the same is hereby imposed. The defendant is to be remanded to the Department of Corrections for EIGHTEEN (18) MONTHS followed by FIVE (5)

YEARS of supervised probation under the direction of the Field Services Division of the Department of Corrections. With the special condition that upon release from the Department of Corrections the defendant enter and successfully complete the Amnity [sic] Program [a drug treatment program] at Fort Stanton, New Mexico. The order specifically imposes the original September 1997 sentence of sixteen years. Although the order might have been more artfully drafted, the district court's intent is clear: it imposed the balance of the original sentence and then suspended all but eighteen months of that sentence which was to be followed by five years of supervised probation. In addition, the record reflects that Allen was aware of the meaning of the district court's order. At the hearing when the order was imposed in September 2000, the court discussed the contents and meaning of the order with the prosecutor, Allen, and his defense attorney. During the course of this exchange, Allen's defense attorney made the following statement:

Your honor, if we understand right that he [Allen] would be doing essentially the one and a half years parole revocation time along with probation revocation time. At the completion of that, go to the Amity Program for the first six months of the new five year period of probation. And, as I would understand it, there would be only ten and a half years of sentence, maybe even less than that because of the time has already come off that since March—maybe even ten years of sentence remaining. That's a disposition that Mr. Allen has indicated to me seems appropriate to him and is what he would be pleading to.

The attorney's statement indicates that the defense attorney and Allen understood the meaning of the district court's order and knowingly agreed to its terms.

{23} At the revocation hearing on August 12, 2002, when Allen advanced his argument, the district court disagreed with Allen's interpretation of the September 2000 order. The court restated that it had suspended Allen's initial sentence except for the eighteen month sentence, which was a lesser sentence than imposing the balance of the sentence. Allen's claim that the trial court's order ordered him to simply serve eighteen months without reserving any of the original sixteen year suspended sentence is without merit.

### III. CONCLUSION

{24} The district courts had the authority, under Section 31–21–15 and Section 31–20–5, to revoke Defendants' probations and impose sentences of incarceration to be followed by another five years of probation. Further, the district court did not err when it denied Baca's motions for reconsideration. We affirm the orders of the district courts.

{25} **IT IS SO ORDERED.**

WE CONCUR: JAMES J. WECHSLER, Chief Judge, and CYNTHIA A. FRY, Judge.