This memorandum opinion was not selected for publication in the New Mexico Reports.  Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions.  Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                                            NO.   30,722

**ANTHONY MILLER,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Kenneth H. Martinez, District Judge**

Gary K. King, Attorney General
Margaret E. McLean, Assistant Attorney General
Santa Fe, NM

for Appellee

The Law Offices of Nancy L. Simmons, P.C.
Nancy L. Simmons
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

Anthony Miller (Defendant) appeals his felony convictions for one count of racketeering, one count of conspiracy to commit racketeering, and one count of forgery. Defendant specifically appeals from the district court's application of his pre-sentence confinement credit. Our notice proposed to affirm the district court's refusal to selectively apply Defendant's pre-sentence confinement credit to the five-year supervised probation period of his sentence, but to reverse the district court's failure to immediately grant Defendant pre-sentence confinement credit up front on the underlying twelve-year sentence. Defendant filed a timely memorandum in opposition, and the State filed a timely memorandum in support pursuant to a granted motion for extension of time. We remain unpersuaded by Defendant's arguments and, therefore, affirm in part and reverse in part.

**DISCUSSION**

For his convictions, Defendant was given a twelve-year suspended sentence and placed on supervised probation for five years. [RP 184] The district court provided that if Defendant violates probation, he is to receive credit for 847 days of pre-sentence confinement credit. [RP 185] *See generally* NMSA 1978, § 31-20-12 (1977) (providing that a person shall be given credit for the period spent in pre-sentence confinement against any sentence finally imposed for that offense). We address below two separate aspects of the district court's application of pre-sentence confinement

credit: (1) the district court's refusal to selectively take Defendant's pre-sentence confinement credit off of his supervised probationary period, and (2) the district court's ruling that Defendant is only entitled to pre-sentence confinement credit if he violates probation and is subsequently incarcerated.

**Pre-Sentence Confinement Credit Applies to the Entirety of the Twelve-Year Suspended Sentence, Not Just Selectively to the Supervised Probation Portion of the Sentence**

Defendant argues that the 847 days of pre-sentence confinement credit should have extended to his five-year supervised probation, rather than to the underlying sentence. [DS 3; MIO 2] By arguing that his pre-sentence confinement credit extends selectively to the supervised probation portion of his sentence, however, Defendant fails to recognize that his sentence is composed of both the five-year supervised probation, as well as the remaining seven years of the suspended sentence portion. *See, e.g.*, *State v. Kenneman*, 98 N.M. 794, 797, 653 P.2d 170, 173 (Ct. App. 1982) (providing that a suspended sentence is an imposed sentence); *State v. Baca*, 2005-NMCA-001, ¶ 21, 136 N.M. 667, 104 P.3d 533 (recognizing that probation is part of a suspended sentence).

We acknowledge Defendant's position that his pre-sentence confinement credit should only be applied to the probation portion of his sentence because "the harsher portion of his sentence is the five[-]year period of strictly monitored probation," [MIO

3

4] rather than the remaining seven years of the suspended sentence. [MIO 3-4] The pre-sentence confinement statute, however, does not parse out portions of the sentence to which confinement credit is selectively applicable. *See* § 31-20-12 (providing that persons shall be given pre-sentence confinement credit "against any sentence finally imposed for that offense"). Because a defendant does not satisfy his criminal liability until "the period of suspension expires without revocation of the order," we affirm the district court's refusal to parse out selective portions of the sentence to which pre-sentence confinement applies. *See* NMSA 1978, § 31-20-8 (1977). In doing so, we are cognizant that a district court exercises its discretion to place a defendant on probation when the defendant is in need of "supervision, guidance[,] or direction." *See* NMSA 1978, § 31-20-6(C) (2007). Had the district court applied the pre-sentence confinement credit only to probation, then it would have compromised the supervision which it believed that Defendant needed. *See generally* § 31-20-6 (providing that the district court may impose "reasonable conditions as it may deem necessary to ensure" no further criminal violations by the defendant). We accordingly affirm the district court's refusal to grant pre-sentence confinement credit against the five-year portion of Defendant's supervised probation.

**Pre-Sentence Confinement Credit Must be Applied Up Front to the Entirety of the Sentence**

4

While the district court properly refused Defendant's request to selectively apply his pre-sentence confinement credit to his supervised probation, the court erred in ruling that he was entitled to such credit only if he successfully completed his probation. As we provided in our notice, if Defendant was not given pre-sentence confinement credit unless and until his probation was revoked, that would mean he would be required to serve twelve full years subject to the court's jurisdiction. Section 31-20-12 requires pre-sentence confinement credit against the sentence imposed. With pre-sentence confinement credit immediately given, Defendant would only be subject to the district court's jurisdiction less than ten years (twelve years less 847 days of pre-sentence confinement credit). Accordingly, we hold that Defendant should have been given pre-sentence confinement credit against the entirety of the twelve-year sentence immediately. Defendant must still serve a full five years on the supervised probation. Assuming that he successfully completes that portion of his sentence, Defendant should only be required to serve a remaining suspended sentence on his unsupervised probation for seven years minus the 847 days of pre-sentence confinement credit. We, accordingly, reverse the district court's failure to immediately give Defendant credit up front for the 847 days of pre-sentence confinement credit.

**CONCLUSION**

Based on the foregoing discussion, we affirm the district court's refusal to selectively apply Defendant's 847 days of pre-sentence confinement credit to the probation portion only of his sentence. We reverse and remand for re-sentencing so that Defendant is granted 847 days of pre-sentence confinement credit up front against the underlying twelve-year basic sentence ordered by the district court, rather than Defendant being afforded pre-sentence confinement credit only if he successfully completes probation.

**IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**MICHAEL D. BUSTAMANTE, Judge**