This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

**v.**                                    **No. 31,815**

**HAROLD L. MORRIS, JR.,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Lisa C. Schultz, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Harold Morris, Jr.
Los Lunas, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**FRY, Judge.**

Defendant appeals from the district court's revocation of his probation. This Court originally proposed to dismiss Defendant's appeal, given the filing of an untimely notice of appeal. However, following this Court's decision in *State v. Leon*,

2013-NMCA-011, __ P.3d __, *cert. quashed*, __-NMCERT-__, __ P.3d __ (No. 33,919, Jan. 2, 2013), to extend the presumption of ineffective assistance of counsel established in *State v. Duran*, 105 N.M. 231, 731 P.2d 374 (Ct. App. 1986), to appeals from probation revocation proceedings, this Court issued a second calendar notice proposing to apply *Leon* and reach the merits of Defendant's appeal. Defendant does not oppose our application of *Leon* to his case, and we therefore proceed to the merits of Defendant's appeal.

In this Court's second calendar notice, we addressed Defendant's argument that there was insufficient evidence to support the district court's revocation of Defendant's probation, and we proposed to affirm. In his memorandum in opposition, Defendant fails to indicate why this Court's proposed disposition was in error. "A party opposing summary disposition is required to come forward and specifically point out errors in fact and/or law." *State v. Ibarra*, 116 N.M. 486, 489, 864 P.2d 302, 305 (Ct. App. 1993). Accordingly, we affirm on this issue.

In this Court's second calendar notice, we also proposed to affirm with respect to Defendant's claim that the district court should have sentenced him to rehabilitation rather than imprisonment. Specifically, Defendant contends that his medical conditions render the district court's decision to sentence him to a term of imprisonment an abuse of discretion and that the sentence violates his Eighth

Amendment rights. [2d MIO 5] However, this Court pointed out in our second calendar notice that information regarding Defendant's medical conditions was never presented to the district court. [CN 6] As a result, we cannot conclude that the district court abused its discretion by not considering such evidence. *See State v. Reynolds*, 111 N.M. 263, 267, 804 P.2d 1082, 1086 (Ct. App. 1990) ("Matters outside the record present no issue for review."). To the extent Defendant is arguing that his counsel was ineffective in presenting this evidence below, given the lack of evidence in the record, Defendant's claim is better raised through habeas corpus proceedings. *See State v. Martinez*, 1996-NMCA-109, ¶ 25, 122 N.M. 476, 927 P.2d 31 (stating that "[t]his Court has expressed its preference for habeas corpus proceedings over remand when the record on appeal does not establish a prima facie case of ineffective assistance of counsel").

In this Court's second calendar notice, we also denied Defendant's motion to amend the docketing statement to include (1) a claim of ineffective assistance of counsel, and (2) an argument that the district court erred in not dismissing the petition to revoke his probation because it was untimely under Rule 5-805 NMRA. We denied the motion to amend on the ground that the issues raised were not viable. [2d CN 8-10] Defendant continues to argue these issues in his second memorandum in opposition, but asserts no new reasons for their consideration. To the extent

3

Defendant's second memorandum in opposition may be construed as renewing his motion to amend his docketing statement to include the aforementioned issues, Defendant's motion is denied for the reasons stated in this Court's second notice of proposed disposition.

Additionally, Defendant has moved this Court, pursuant to *State v. Franklin*, 78 N.M. 127, 129, 428 P.2d 982, 984 (1967), and *State v. Boyer*, 103 N.M. 655, 658-60, 712 P.2d 1, 4-6 (Ct. App. 1985), to amend his docketing statement to include a new issue. [2d MIO 1, 6] Defendant contends that his sentence is not in accordance with his plea agreement or the law because: (1) the district court only had seventeen years of jurisdiction and he has already served seventeen years, and (2) the district court did not have authority to sentence him to another term of probation. [Id. 6]

Defendant was originally sentenced to thirty-six years, but the district court suspended twenty-four years, requiring Defendant to serve twelve years and then a five year probationary period. [2d MIO 2] To the extent Defendant contends that the suspension of part of his sentence limited the district court's jurisdiction, Defendant's argument is misplaced. "The suspension . . . of a sentence is not a matter of right but is an act of clemency within the trial court's discretion." *State v. Follis*, 81 N.M. 690, 692, 472 P.2d 655, 657 (Ct. App. 1970). Moreover, "[t]he sentencing court retains jurisdiction to revoke a suspended sentence for good cause shown at any time

4

subsequent to the entry of judgment and prior to the expiration of the sentence." *State v. Baca*, 2005-NMCA-001, ¶ 15, 136 N.M. 667, 104 P.3d 533 (internal quotations marks and citations omitted). To the extent Defendant contends that the district court could not sentence him to another five year probationary period because Defendant had been sentenced to more than five years probation in the aggregate, this Court previously rejected a similar argument in *Baca. See id. ¶* 18. Because we conclude that the issue Defendant seeks to raise is not viable, we deny Defendant's motion to amend his docketing statement.

For the reasons stated above and in this Court's second notice of proposed disposition, we affirm.

**IT IS SO ORDERED.**


_____
**CYNTHIA A. FRY, Judge**

**WE CONCUR:**


_____
**JAMES J. WECHSLER, Judge**


_____
**M. MONICA ZAMORA, Judge**