This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.  NO. 34,601

**EDWARD HUMPHREY,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF VALENCIA COUNTY**
**Violet Otero, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Sergio Viscoli, Appellate Defender
B. Douglas Wood III, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**ZAMORA, Judge.**

{1}    Defendant appeals from the revocation of his probation. We previously issued a calendar notice proposing to summarily affirm. Defendant has filed a memorandum in opposition, which we have duly considered. Because we remain unpersuaded by Defendant's assertions of error, we affirm.

{2}    Defendant advances two arguments. First, he contends that sentence imposed by the district court exceeds the maximum allowable sentence. [MIO 5-9] He suggests that the sentence is illegal insofar as it fails to award him pre-sentence confinement credit, specifically contending that the nearly six-month period between the time of his arrest and the time of sentencing was not properly accounted for. [MIO 3, 7] However, Defendant further contends that even an adjustment for this claimed error would not provide full relief for the magnitude of the "miscalculation" that Defendant perceives. [MIO 6-7]

{3}    "This court has held that a convicted defendant may challenge the legality of his sentence for the first time on appeal, because the trial court has no jurisdiction to impose an illegal sentence. However, there must be some solid basis for challenging the sentence in order for an appellate court to take action." *State v. Graham*, 2003-NMCA-127, ¶ 5, 134 N.M. 613, 81 P.3d 556, (internal quotation marks and citations omitted), *rev'd on other grounds*, 2005-NMSC-004, 137 N.M. 197, 109 P.3d

2

285. In this case, the specificity of the sentence suggests that the district court undertook to calculate with precision. Unfortunately, the record before us does not indicate how the district court arrived at the six-year, one hundred sixty-seven day figure.

{4}     Defendant's argument appears to be premised on the assumption that the district court did not contemplate further diminution of the stated six-year, 167 day term to reflect time served on probation. *See State v. Baca*, 2005-NMCA-001, ¶ 21, 136 N.M. 667, 104 P.3d 533 ("A probationer whose sentence has been suspended is entitled to credit against his or her sentence for the time served on probation."). However, it is not at all clear that this is the case. As we observed in the notice of proposed summary disposition, [CN 4] the district court's order may fairly be read to reflect the six-year, 167 day sentence is to be *further* reduced based on Defendant's entitlement to credit for all time served on the original probation, (less 145 days of absconding). [RP 157] *See, e.g., State v. Ruiz*, 1989-NMCA-109, ¶¶ 5-7, 109 N.M. 437, 786 P.2d 51 (taking a similar approach relative to crediting for presenting confinement, and noting our expectation that the Legislature used the word "sentence" consistently throughout the sentencing statutes to refer "to the term of incarceration imposed by the court *before credit*" is applied (emphasis added)), *superseded in statute by* 1999-NMSC-004, 126

N.M. 642, 974 P.2d 136. Such crediting would eliminate the claimed overage, and then some.

{5} To the extent that Defendant may believe the Department of Corrections will disregard the district court's directive to credit him for time served on probation, as we previously observed Defendant's concern is speculative and premature. However, to the extent that Defendant perceives a need for greater clarity, we suggest that habeas proceedings would be the appropriate avenue. *See* Rule 5-802 NMRA; *see also Graham*, 2003-NMCA-127, ¶ 8 (suggesting that post-conviction proceedings should be pursued in order to obtain relief from a problematic sentence, where the record is insufficient on appeal); *cf. State v. Torres*, 2012-NMCA-026, ¶ 27, 272 P.3d 689 (concluding that "the current version of Rule 5-801(A) reflects a clear intent to strictly limit the district court's jurisdiction to habeas corpus proceedings to correct an illegal sentence").

{6} By his second argument, Defendant continues to assert that the prosecutor should have been disqualified by virtue of her prior representation of him. [MIO 10-15] We remain unpersuaded. As we observed at greater length in the notice of proposed summary disposition, [CN 3-4] applying the analytical framework supplied by *State v. Barnett*, 1998-NMCA-105, 125 N.M. 739, 965 P.2d 323, to pertinent

4

historical facts as previously described in the docketing statement, [DS 4; MIO 3] the prior representation supplies no basis for relief. Although Defendant now suggests a different version of the facts, [MIO 3-4] as Defendant frankly acknowledges, "this issue regards facts that were not made part of the district court record." [MIO 10] Under such circumstances, we simply observe that habeas proceedings would supply the appropriate avenue if Defendant wishes to pursue the matter further. *See State v. Crocco*, 2014-NMSC-016, ¶ 24, 327 P.3d 1068 (noting that "[i]f facts beyond those in the record on appeal could establish a legitimate claim of ineffective assistance of counsel, [a d]efendant may assert it in a habeas corpus proceeding where an adequate factual record can be developed for a court to make a reasoned determination of the issues").

{7}     The judgment of the district court is affirmed.

{8}     **IT IS SO ORDERED.**


_____

**M. MONICA ZAMORA, Judge**

**WE CONCUR:**


_____

**MICHAEL D. BUSTAMANTE, Judge**

5

_____

**JONATHAN B. SUTIN, Judge**